[Cite as *Iden v. Zumbro*, 2019-Ohio-1051.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DANYA IDEN | JUDGES: |
| | Hon. William B. Hoffman, P.J |
| First Petitioner-Appellant | Hon. John W. Wise, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 18-CA-56 |
| JOHN D. ZUMBRO | |
| Second Petitioner | O P I N IO N |
| and | |
| JACKIE E. WORKMAN | |
| Third Party Petitioner | |
| and | |
| M. ELIZABETH KYLE | |
| Fourth Party Petitioner | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Licking County Court of Common Pleas, Domestic Relations Division, Case No. 2015CR00985 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | March 22, 2019 |
| APPEARANCES: | |

| | |
|---|---|
| For First Petitioner-Appellant | For Fourth Pty Petitioner Appellee |
| MICHAEL H. MEARAN, LLC, INC.<br>547 Sixth Street<br>Portsmouth, Ohio 45662 | PATRICIA HUGHES<br>807 Walker Street<br>Newark, Ohio 43055 |

*Hoffman, P.J.*

**{¶1}** First petitioner-appellant Danya Iden appeals the June 11, 2018 Judgment Entry entered by the Licking County Court of Common Pleas, Domestic Relations Division, which approved and adopted the magistrate's January 9, 2018 decision granting legal custody of Appellant's minor child ("the Child") to fourth party petitioner-appellee M. Elizabeth Kyle.[1]

STATEMENT OF THE CASE AND FACTS

**{¶2}** Appellant and second petitioner John D. Zumbro[2] are the biological parents of the Child. Appellant and Zumbro have never been married. On September 4, 2015, the Licking County Child Enforcement Agency filed a petition to accept administrative determination of parentage as well as a motion to accept administrative determination of issues relating to support of the Child. Via Judgment Entries filed October 29, 2015, the trial court accepted and adopted CSEA's administrative orders regarding parentage and establishing order.

**{¶3}** The Child was placed with third party petitioner Jackie E. Workman, the Child's maternal aunt, by Fairfield County Children's Services under a safety plan in February, 2017, due to Appellant's substance abuse. Workman filed a motion to intervene in the instant action on March 28, 2017, which the trial court granted on March 29, 2017. On the same day, Workman filed a motion for ex parte temporary order of custody/parenting time and motion to allocate/reallocate parental rights and responsibilities. The magistrate granted temporary custody of the child to Workman on April 3, 2017. The magistrate scheduled a final hearing for July 7, 2017. Licking County

---

[1] Kyle did not file a Brief in this matter.
[2] Zumbro is not a party to this Appeal.

Children's Services arranged for the Child to reside with fourth party petitioner M. Elizabeth Kyle, the Child's step-grandmother, as Workman had become overwhelmed with caring for her own family and the Child as well as dealing with Appellant.

{¶4} On June 7, 2017, Kyle filed a motion to intervene for the purpose of seeking custody/parenting time with the Child. As of June 9, 2017, Workman had not served Zumbro with her motion for custody. The magistrate rescheduled the final hearing for August 11, 2017. On June 9, 2017, Kyle filed a motion for ex-parte temporary order of custody/parenting time and motion to allocate/reallocate parental rights and responsibilities. The magistrate overruled the motion, and scheduled Kyle's motion for hearing on June 20, 2017. Following the hearing, the magistrate designated Kyle as the Child's temporary legal custodian. The magistrate rescheduled the final hearing for October 13, 2017. Service was attempted on Zumbro by publication.

{¶5} On October 11, 2017, Attorney Michael Mearan filed a Notice of Appearance on Appellant's behalf as well as a memorandum contra Kyle's petition. The magistrate conducted the hearing as scheduled on October 13, 2017. Neither Appellant nor Attorney Mearan appeared. Zumbro also failed to appear. Via Decision filed January 9, 2018, the magistrate granted Kyle's motion and designated her as the legal custodian of the Child. Appellant filed objections to the magistrate's decision.

{¶6} Via Opinion filed June 11, 2018, the trial court denied Appellant's objections to the magistrate's decision. Via Judgment Entry also filed June 11, 2018, the trial court approved and adopted the magistrate's decision as order of the court.

{¶7} It is from this judgment entry Appellant appeals, raising as her sole assignment of error:

THE COURT ERRED IN PROCEEDING WITH THE CUSTODY HEARING HELD ON OCTOBER 13, 2017 NOTWITHSTANDING LACK OF SERVICE ON THE BIOLOGICAL FATHER, JOHN D. ZUMBRO.[3]

{¶8} Initially, we address the issue of standing.

{¶9} Standing is "a jurisdictional requirement; a party's lack of standing vitiates the party's ability to invoke the jurisdiction of a court — even a court of competent subject-matter jurisdiction — over the party's attempted action." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 22. A "determination of standing necessarily looks to the rights of the individual parties to bring the action, as they must assert a personal stake in the outcome of the action in order to establish standing." *Kuchta* at ¶ 23, citing *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27. "Lack of standing is certainly a fundamental flaw that would require a court to dismiss the action * * *." *Id.*, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 40.

{¶10} Our Brethren in the Third, Fourth, Sixth and Ninth Districts have held a judgment entered by a juvenile court against a mother is not rendered void due to the alleged lack of service on the non-party father. *See In re* Cook, 3d Dist. No. 5–98–16, 1998 WL 719524 (Oct. 8, 1998) (mother does not have standing to raise issue of father's service on appeal); *In re Kincaid,* 4th Dist. No. 00CA3, 2000 WL 1683456 (Oct. 27, 2000); (mother had no standing to raise the issue of the trial court's personal jurisdiction over the

---

[3] Appellant's Brief does not include, "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected" as required by App. R. 16(A)(3). We infer the assignment of error from the first sentence of Appellant's argument.

father when there is no evidence that her defense was prejudiced by the absence of the father from the proceedings); *In re I.J.*, 6th Dist. Lucas No. L-12-1306, 2013-Ohio-1083 (lack of service on father did not render the lower court's ruling relative to mother void for lack of jurisdiction); *In re Jordan,* 9th Dist. Nos. 20773, 20786, 2002 WL 121211 (Jan. 30, 2002) (mother lacks standing to raise service issue unless she demonstrates she was "actually prejudiced" by the error). In the absence of a showing of prejudice to her case, an appellant mother cannot raise the claimed lack of service on the putative father as error on appeal. *In re: I.J.,* supra at ¶ 11.

{¶11} Appellant must demonstrate the alleged failure to perfect timely service upon Father resulted in actual prejudice to her. *In re A.M.,* 9th Dist. No. 26141, 2012–Ohio–1024, ¶ 18. As we noted supra, Father was served by publication although Appellant asserts such service was defective because an affidavit confirming service by publication was not filed with the court prior to the hearing and the newspaper never filed an affidavit. Assuming, arguendo, Father was not served, we find Appellant has offered no evidence of actual prejudice to her as a result. Accordingly, we find Mother lacks standing to assert error in regard to service upon Zumbro.

{¶12} Accordingly, Appellant's appeal is dismissed.


By: Hoffman, P.J.

Wise, John, J. and

Wise, Earle, J. concur