[Cite as *In re I.S.*, 2019-Ohio-4585.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN RE:

     I.S.

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Earle E. Wise, Jr., J.

Case No. 2019 CA 0027

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2017 DEP 0263 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | November 6, 2019 |


APPEARANCES:

For Appellee

EDITH GILLILAND
CHILDREN SERVICES
731 Scholl Road
Mansfield, Ohio 44907

For Appellant Grandmother

DARIN AVERY
105 Sturges Avenue
Mansfield, Ohio 44903

*Wise, John, J.*

**{¶1}** Appellant Teresa P., maternal grandmother, appeals the decision of the Richland County Court of Common Pleas, Juvenile Division, which granted permanent custody of her grandson to RCCS. The relevant facts leading to this appeal are as follows.

**{¶2}** The child at the center of this case is I.S., born in 2017. Neither his mother nor alleged father are participants in the present appeal. On November 1, 2017, when the child was less than three months old, Appellee Richland County Children Services ("RCCS") filed a complaint alleging he was a dependent and abused child as defined by the Ohio Revised Code. The complaint alleged *inter alia* that the child had tested positive for opiates at birth. I.S. was thereupon ordered into the interim custody of RCCS.

**{¶3}** Following a hearing on December 20, 2017, the magistrate recommended adjudication of I.S. as a dependent child and that he be maintained in the temporary custody of RCCS. A judgment entry approving the magistrate's decision as to adjudication and disposition was issued on January 10, 2018. At all times subsequent to the initial orders, the child remained in the custody of RCCS and resided in foster care.

**{¶4}** On May 3, 2018, RCCS filed a motion for disposition and requested a grant of permanent custody to the agency and a termination of parental rights.

**{¶5}** A 90-day review hearing was conducted on June 20, 2018. At that time, Appellant-Grandmother Teresa P. made her first appearance in court. On October 4, 2018, appellant, via trial counsel, filed a "motion requesting temporary custody." On December 21, 2018, she was named as a party to the action. Appellant appeared in court hearings regarding this matter at least five times: June 20, 2018, November 6, 2018, December 6, 2018, December 17, 2018, and January 24, 2019.

{¶6}    On July 30, 2018, the trial court granted a motion by RCCS to withdraw its request for permanent custody. However, on August 24, 2018, RCCS again filed a motion for disposition, requesting a grant of permanent custody to the agency and a termination of parental rights.

{¶7}    It appears undisputed that after the permanent custody trial, but prior to the issuance of the magistrate's decision, appellant-grandmother's attorney was appointed as a magistrate in another court in the Richland County area, and thus withdrew from representation of her clients.

{¶8}    Via a seven-page decision issued on February 26, 2019, permanent custody of I.S. to RCCS was recommended by the magistrate. On March 11, 2019, appellant-grandmother filed a *pro se* objection to said decision of the magistrate.

{¶9}    On March 18, 2019, the trial court issued a judgment entry overruling appellant's objections and approving the magistrate's decision, noting *inter alia* that no transcript of the permanent custody proceedings had been filed for the trial court to review.

{¶10}  On April 5, 2019, with the assistance of appellate counsel, appellant-grandmother filed a notice of appeal. She herein raises the following two Assignments of Error:

{¶11}  "I.   THE COURT ERRED IN FINDING THAT IT WAS IN THE BEST INTEREST OF THE MINOR CHILD TO BE PLACED IN THE PERMANENT CUSTODY OF RCCS.

{¶12}  "II.    GRANDMOTHER-APPELLANT    RECEIVED    INEFFECTIVE ASSISTANCE OF COUNSEL IN THAT SHE LOST HER TRIAL LAWYER SHORTLY

BEFORE THE MAGISTRATE ENTERED JUDGMENT AND THEREBY DID NOT HAVE COUNSEL TO ASSIST IN WRITING HER OBJECTIONS. FURTHER, ONE OR MORE OF HER OBJECTIONS COULD HAVE REVERSED THE DECISION OF THE MAGISTRATE."

I.

{¶13} In her First Assignment of Error, appellant-grandmother contends the trial court erred in granting permanent custody of I.S. to the agency, specifically in regard to the factor of "best interests." We disagree.

{¶14} R.C. 2151.414(D)(1) reads as follows:

In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a

consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d)  The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e)  Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.[1]

For the purposes of division (D)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home.[2]

{¶15}  It is well-established that the trial court is in the best position to determine the credibility of witnesses. *See*, *e.g.*, *In re Brown,* 9th Dist. Summit No. 21004, 2002–Ohio–3405, ¶ 9, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. Furthermore, "[t]he discretion which the juvenile court enjoys in determining whether an

---

[1]  The (E)(7) to (E)(11) factors involve certain criminal convictions, withholding of food or medical treatment, substantial risk of harm due to alcohol or drug abuse, abandonment of the child, and termination of parental rights in regard to siblings.
[2]  The additional statutory "best interest" guidance found in R.C. 2151.414(D)(2) is not applicable in the present appeal.

order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *In re Mauzy Children*, 5th Dist. Stark No. 2000CA00244, 2000 WL 1700073, citing *In re Awkal*, 85 Ohio App.3d 309, 316, 642 N.E.2d 424 (8th Dist. 1994).

**{¶16}** As we noted *supra* in our recitation of the facts and the case, appellant in the case *sub judice* did not secure for the trial court's benefit a transcript of the permanent custody proceedings which had occurred before the magistrate. We have held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established. *See, e.g., In re K.S.*, 5th Dist. Guernsey No. 13 CA 19, 2013-Ohio-5004, ¶ 10, citing *State v. Leite*, 5th Dist. Tuscarawas No. 1999AP090054, 2000 WL 502819.

**{¶17}** In the judgment entry under appeal, via its incorporation of the findings of the magistrate, the court first noted that Ohio's putative father registry listed no father for I.S. The alleged father named in the original complaint appears to have had no participation in the case plan or legal proceedings below. The court then found that the child's mother, having voluntarily agreed to his placement in a foster home via RCCS upon her release from the hospital, thereafter did not comply with any requirements of the case plan. The court observed: "After the initial referrals by RCCSB caseworkers, most of their efforts have been expended trying to locate and communicate with Mother." Magistrate's Decision at 3. Her whereabouts were unknown at the time of the permanent custody proceedings. *Id.*

**{¶18}** The court then turned its attention to consideration of appellant-grandmother, first finding that placement had not been initially pursued in her home due to "numerous police calls" to her residence for domestic violence incidents between appellant and her live-in boyfriend. Magistrate's Decision at 3. After appellant had separated from her abusive paramour, RCCS began a home study of her residence. *Id.* Having previously recited that I.S., according to his medical providers, must have a smoke-free environment due to asthma and other medical issues, the court found that appellant told RCCS she had given up smoking in June 2018, but this turned out to be a false representation.

**{¶19}** Appellant later testified at the permanent custody hearing that she had converted to e-cigarettes only and does not use them in her house or automobile. Nonetheless, the court recognized that I.S. "continues to become ill and vomit frequently after his visits with [appellant] grandmother ***." *Id.* at 4. The court found appellant's home to be "adequate" and safe, but cramped in size. However, the child was found to be very "familiar and comfortable" with appellant. *Id.*

**{¶20}** We note the trial court also concluded that I.S. and his foster mother are "very strongly bonded" and that she intended to be an adoptive placement. Magistrate's Decision at 3. The guardian ad litem recommended a grant of permanent custody to RCCS due to this strong bond and the foster mother's "demonstrated ability and willingness to meet all of [I.S.'s] needs." *Id.* at 5.

**{¶21}** Appellant's present argument is largely centered on the factors of R.C. 2151.414(D)(1)(a) and (D)(1)(d), *supra*. In essence, she asserts that the foster mother "withdrew" from her parenting role in May 2019, subsequent to the notice of appeal in this

matter, requiring reversal for further consideration of custody and/or placement. However, our review on appeal is limited to those materials in the record that were before the trial court. *See*, *e.g.*, *State v. DeMastry,* 155 Ohio App.3d 110, 119–120, 799 N.E.2d 229, 2003-Ohio-5588, citing *State v. Ishmail* (1978), 54 Ohio St.2d 402, 377 N.E.2d 500. In this instance, we find appellant's argument relies on information *dehors* the record, and invites unwarranted speculation on our part in the present direct appeal. *See*, *e.g.*, *State v. Fornshell*, 5th Dist. Fairfield No. 10 CA 48, 2011-Ohio-3560, ¶ 18.

**{¶22}** Accordingly, upon review of the record before us, we find no basis to overturn the decision of the trier of fact, and we conclude the grant of permanent custody of I.S. was made in the consideration of the child's best interests and did not constitute an error or an abuse of discretion.

**{¶23}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶24}** In her Second Assignment of Error, appellant-grandmother contends she was deprived of the effective assistance of counsel when her attorney became unavailable to assist her in preparing objections to the magistrate's decision recommending permanent custody.

**{¶25}** Generally, as this Court has observed, the right to counsel includes the right to the effective assistance of counsel. *In re S.E.*, 5th Dist. Richland No. 2018-CA-0068, 2019-Ohio-378, ¶ 29, citing *In re Wingo,* 143 Ohio App.3d 652, 666, 2001-Ohio-2477.

**{¶26}** R.C. 2151.352 states, in pertinent part, as follows: "A child, the child's parents or custodian, or any other person in loco parentis of the child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or

Chapter 2152. of the Revised Code. If, as an indigent person, a party is unable to employ counsel, the party is entitled to have counsel provided for the person pursuant to Chapter 120. of the Revised Code except in civil matters in which the juvenile court is exercising jurisdiction pursuant to division (A)(2), (3), (9), (10), (11), (12), or (13); (B)(2), (3), (4), (5), or (6); (C); (D); or (F)(1) or (2) of section 2151.23 of the Revised Code. If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person. ***."

{¶27}  Juv.R. 4(A) further states, in pertinent part: "Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. ***."

{¶28}  In Ohio, there is a general inapplicability of ineffective assistance of counsel claims in civil litigation. *See Brunner Firm Co., L.P.A. v. Bussard*, 10th Dist. Franklin No. 07AP-867, 2008-Ohio-4684, ¶ 31. However, we have recognized "ineffective assistance" claims in permanent custody appeals. *See, e.g., In re Utt Children,* 5th Dist. Stark No. 2003CA00196, 2003–Ohio–4576. This recognition comports with the holding of *Jones v. Lucas County Children Services Board*, 46 Ohio App.3d 85, 546 N.E.2d 471 (6th Dist.1988), as follows: "The two-part test for ineffective assistance of counsel used in criminal cases, announced in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, is equally applicable in actions by the state to force the permanent, involuntary termination of parental rights." *Id.,* at the syllabus.

**{¶29}** We note the appellant in *Jones* was the natural father of the children therein at issue. *See Jones* at 86. In our minds, the constitutional concerns permitting civil ineffective assistance claims for parents in permanent custody appeals do not carry the same weight when applied to grandparents or non-custodial relatives. In other words, as this Court has previously stated, "[i]n permanent custody proceedings, *where parents face losing their children*, we apply the same test as the test for ineffective assistance of counsel in criminal cases." *In re J.H.*, 5th Dist. Licking No. 14-CA-94, 2015-Ohio-667, ¶ 18, citing *In re Heston,* 129 Ohio App.3d 825, 827, 719 N.E.2d 93 (8th Dist.1998). In a similar vein, it is well-established that a parent has a fundamental right to raise his or her child, such interest being protected by both the United States and Ohio Constitutions, but grandparents, by contrast, "have no constitutional right of association with their grandchildren." *In re B.K.,* 8th Dist. Cuyahoga No. 98730, 2013–Ohio–1190, ¶ 17; *In re A.S.*, 8th Dist. Cuyahoga No. 102697, 2015-Ohio-4386, ¶ 10. *See, also, In re Martin*, 68 Ohio St.3d 250, 252, 626 N.E.2d 82, 83 (1994).

**{¶30}** In the case *sub judice*, it appears undisputed that appellant's counsel was appointed by the trial court. *See* Appellee's Brief at 5. We further observe that appellant was described as a "party" in the magistrate's decision of February 26, 2019. However, in light of our foregoing analysis, despite the right to counsel provisions under R.C. 2151.352 and Juv.R. 4, we hold appellant-grandmother's present ineffective assistance claims are not cognizable on appeal under the circumstances presented.

**{¶31}** Appellant's Second Assignment of Error is therefore overruled.

**{¶32}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Richland County, Ohio, is hereby affirmed.

By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.


JWW/d 1023