[Cite as *OH Seven, L.L.C. v. Lee*, 2021-Ohio-199.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| OH SEVEN LLC | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| RIEVON LEE | : | Case No. 2020-CA-00057 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Canton Municipal
                                    Court, Case No. 2020-CVG-348

JUDGMENT:                           Affirmed

DATE OF JUDGMENT:                   January 28, 2021

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

GLENN E. ALGIE                      ELIZABETH A. BURICK
3962 Red Bank Road                  1428 Market Avenue, North
Cincinnati, OH  45227               Canton, OH  44714

                                    THOMAS J. LOMBARDI
                                    101 Central Plaza South
                                    Suite 1000
                                    Canton, OH  44702

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Rievon Lee, appeals the February 7, 2020 judgment entry of the Canton Municipal Court of Stark County, Ohio, granting a writ of restitution to Plaintiff-Appellee, OH Seven LLC.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On September 15, 2017, the parties entered into a land installment contract wherein appellee was the seller and appellant was the buyer of residential property located at 831 Shorb Avenue, NW, Canton, Ohio.  On September 12, 2019, appellee sent appellant a written notice to leave the premises for non-payment of monthly payments.  Appellant did not vacate the premises.

{¶ 3}   On January 22, 2020, appellee filed a complaint in the Canton Municipal Court for forcible entry and detainer against appellant.  Appellant failed to file an answer.  A hearing before a magistrate was held on February 7, 2020.  By report filed same date, the magistrate found appellant failed to pay rent and ordered a writ of restitution.  The trial court approved and confirmed the magistrate's decision on February 10, 2020.  Appellant did not file objections to the magistrate's decision.  By order filed February 24, 2020, the trial court ordered the issuance of the writ of restitution.

{¶ 4}   On February 26, 2020, appellant filed a pro se motion for injunction and order of stay of forcible eviction, claiming he was never a tenant and did not owe rent, as he was in fact a purchaser of the property and was paying mortgage payments.  By judgment entry filed same date, the trial court overruled the motion.  To date, the writ of restitution has not been executed.

{¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT APPROVED AND CONFIRMED THE DECISION OF THE MAGISTRATE GRANTING THE WRIT OF RESTITUTION AGAINST APPELLANT BASED UPON THE EVIDENCE PRESENTED."

I

{¶ 7} In his sole assignment of error, appellant claims the trial court abused its discretion in approving and confirming the magistrate's decision granting a writ of restitution to appellee based upon the evidence presented. We disagree.

{¶ 8} Under R.C. 1923.01(A), if, upon inquiry, a trial court finds "that, after a lawful entry, lands or tenements are held unlawfully and by force, a judge shall cause the plaintiff in an action under this chapter to have restitution of the lands or tenements."

{¶ 9} A hearing on the forcible entry and detainer complaint was held before a magistrate on February 7, 2020. By report filed same date, the magistrate found appellant failed to pay rent and ordered a writ of restitution. The report specifically noticed appellant of the right to file objections to the magistrate's decision with the trial court within fourteen days of the filing of the decision as set forth in Civ.R. 53(D)(3)(b).

{¶ 10} Appellant did not file objections in a timely manner. Instead, on February 26, 2020, appellant filed a pro se motion for injunction and order of stay of forcible eviction, claiming he was never a tenant and did not owe rent, as he was in fact a purchaser of the property and was paying mortgage payments. We are unable to determine if appellant made these arguments to the magistrate during the hearing as appellant failed to order a transcript of the magistrate's hearing for review.

{¶ 11} "Under Ohio law, pro se litigants are held to the same standard as all other litigants: they must comply with the rules of procedure and must accept the consequences of their own mistakes." *Bikkani v. Lee,* 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 29. "We have held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established." *In re: I.S.,* 5th Dist. Richland No. 2019 CA 0027, 2019-Ohio-4585, ¶ 16.

{¶ 12} In its February 7, 2020 report, the magistrate found the following:

1. Plaintiff owns the residential/commercial property located at 831 SHORB AVE NW CANTON OH 44703-2466 and rents it to the defendant(s) at a monthly rental of $501.00.

2. Defendant has failed to pay rent due on 8/1/18 and thereafter.

3. On 9/12/19, Defendant was duly served with a notice in writing required by law for the Defendant to vacate said premises.

4. Defendant has failed to vacate the property in accordance with the above mentioned notice.

5. Defendant was duly served with summons as required by law.

6. First Cause of action called for trial to the Magistrate and testimony taken.

{¶ 13} Based upon these findings of fact, the magistrate ordered a writ of restitution.

{¶ 14} Given the findings of fact as established, we find the recommendation to order a writ of restitution to be supported by the findings. Appellant failed to pay rent per the parties' agreement and was unlawfully holding on to the property. Appellant has not alleged plain error, and we do not find any evidence of plain error in our review. Civ.R. 53(D)(3)(b)(iv).

{¶ 15} We note on March 2, 2020, one week after the trial court ordered the issuance of the writ of restitution, appellant filed several documents with the trial court. Appellant also filed numerous documents with his notice of appeal filed March 9, 2020. This court's review "is limited to the record as it existed at the time the trial court rendered judgment." *Fifth Third Mortgage Co. v. Salahuddin*, 10th Dist. Franklin No. 13AP-945, 2014-Ohio-3304, ¶ 13. There is no evidence to suggest these documents were ever presented to the magistrate during the hearing and therefore will not be considered by this court.

{¶ 16} Upon review, we do not find the trial court abused its discretion in ordering the issuance of the writ of restitution.

{¶ 17} The sole assignment of error is denied.

{¶ 18} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Hoffman, J. concur.


EEW/db