[Cite as *Lowe v. Compton*, 2025-Ohio-2646.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| JONATHAN LOWE | : | Hon. Craig R. Baldwin, P.J. |
| | : | Hon. Robert G. Montgomery, J. |
| Plaintiff-Appellee | : | Hon. Kevin W. Popham, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 24-CAF-11-0098 |
| RACHAEL COMPTON | : | |
| | : | |
| Defendant-Appellant | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of Common Pleas, Domestic Relations Division, Case No. 15-02-0303 AD

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     July 23, 2025

APPEARANCES:

For Appellee

JONATHAN LOWE   PRO SE
19449 Northwest Parkway
Marysville, OH 43040

For Appellants

D.J. YOUNG, III.
15 West Winter Street
Delaware, OH 43015

*Popham, J.,*

{¶1} Appellants Rachael Compton and Z.C. appeal the October 24, 2024, judgment entry of the Delaware County Court of Common Pleas, Domestic Relations Division. For the reasons below, we dismiss the appeal.

*Facts & Procedural History*

{¶2} Appellant Rachael Compton is the mother of Z.C. ("Mother"). Appellant Z.C. was born on November 12, 2014, and is currently ten years old. Appellee Jonathan Lowe is the father of Z.C. ("Father). Mother and Father were never married. Mother is the sole residential parent and legal custodian of Z.C. In March of 2021, Mother and Father agreed that Father would have parenting time supervised by his parents due to concerns about Father's use of alcohol. The trial judge signed the agreement between the parties on March 24, 2021, thus incorporating the agreement into a court order.

{¶3} In June of 2023, Father was charged by indictment with two counts of rape, one count of gross sexual imposition, one count of aggravated menacing, and one count of intimidation of a victim. Z.C. was not the victim in any of the charges. On March 27, 2024, a jury found father not guilty of all charges.

{¶4} In April of 2024, Father filed a motion to modify parenting time. Mother filed a motion to terminate all Father's visitation and to modify the supervised visitation schedule. In June of 2024, the trial court appointed a guardian ad litem for Z.C. The court also granted Father's motion to conduct an in-camera interview with Z.C., to be held at the time of the hearing on the motions. The hearing on Mother and Father's motions has not yet occurred. Accordingly, the in-camera interview with Z.C. has not taken place.

{¶5} In August of 2024, Attorney Donald Worley filed a "Notice of Appearance," stating he was entering his appearance as counsel for Z.C. Mother provided Z.C., currently ten years old, the funds to hire Attorney Worley. Following a pretrial, the court ordered the parties to file briefs arguing their positions as to whether Attorney Worley should be permitted to participate in the proceedings as counsel for Z.C. The parties filed briefs arguing their positions.

{¶6} The trial court issued a judgment entry on October 24, 2024, striking Attorney Worley from the record as counsel from Z.C., finding Z.C. is not a party to the case, and finding Z.C. does not need independent counsel.

{¶7} Appellants Mother and Z.C. appeal the October 24, 2024, judgment entry of the Delaware County Court of Common Pleas, Domestic Relations Division, and assign the following as error:

{¶8} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY RULING THAT Z.C. HAD NO RIGHT TO BE A PARTY."

{¶9} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY DETERMINING THAT Z.C. HAD NO NEED FOR AN ATTORNEY WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING."

{¶10} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW BY RULING THAT THERE IS NO STATUTORY RIGHT FOR Z.C. TO BE REPRESENTED BY LEGAL COUNSEL."

{¶11} "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT Z.C. HAD NO FUNDAMENTAL OR CONSTITUTIONAL RIGHT TO COUNSEL."

{¶12} "V. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO RECOGNIZE THAT THE EQUAL PROTECTION CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS REQUIRE THAT Z.C. RECEIVE THE SAME RIGHTS TO COUNSEL AS SIMILARLY SITUATED MINORS ELSEWHERE IN OHIO."

*Jurisdiction*

{¶13} Father moved this Court to dismiss the appeal, arguing this Court lacks jurisdiction to hear the appeal because appellants did not appeal from a final order and because both Z.C. and Mother lack standing to pursue this appeal.

{¶14} Article IV, Section 3(B) of the Ohio Constitution establishes that courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record or inferior to the court of appeals within the district." Consequently, an order must be final before an appellate court may review it. *Gehm v. Timberline Post & Frame*, 2007-Ohio-607, ¶ 14. If an order is not final and appealable, an appellate court has no jurisdiction over it. *Id.*

{¶15} R.C. 2505.02(B) identifies the types of orders that qualify as final, appealable orders. It states, in pertinent part,

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order than affects a substantial right made in a special proceeding or upon a summary application in an action after judgment …

**{¶16}** Appellants argue the trial court's judgment entry falls within the definition of "final order" as provided in R.C. 2505.02(B)(2). The parties disagree as to whether this proceeding is a "special proceeding." While it is clear that custody proceedings, divorce proceedings, and juvenile court proceedings are "special proceedings," this is not a divorce, juvenile court, or a custody proceeding. *Buzard v. Triplett*, 2006-Ohio-1478 (10th Dist.); *Vizzo v. Morris*, 2012-Ohio-2141 (5th Dist.). It is the attempted modification of an order from the Domestic Relations Court regarding visitation. However, we need not decide that issue in this case because, pursuant to both R.C. 2505.02(B)(1) and (B)(2), an order is final only if it "affects a substantial right."

**{¶17}** A "[s]ubstantial right is defined as 'a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.'" R.C. 2505.02(A)(1). The Supreme Court of Ohio has held, "[a]n order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993). To meet this requirement, an order has to be one that "must be appealed immediately or its effect will be irreversible." *Wilhelm-Kissinger v. Kissinger*, 2011-Ohio-2317. Whether or not an order affects a substantial right is determined by a two-prong test. *Cleveland Clinic Found. v. Levin*, 2008-Ohio-6197. The order must implicate a substantial right, and, if the order is not immediately appealable, the party will be foreclosed from obtaining appropriate relief in the future. *Bell*, 67 Ohio St.3d at 63.

**{¶18}** Appellants argue "this case involves the substantial question of whether a child is entitled to client-directed counsel in a parenting case when the child's wishes

conflict with the guardian ad litem's recommendation."  Appellants attached "Exhibit A, an excerpt of the deposition of the GAL to their appellate brief, which allegedly purports to show a conflict between the wishes of Z.C. and the recommendation of the GAL. Appellants argue this conflict creates standing and makes the striking of Z.C.'s counsel a final, appealable order because Superintendence Rule 48.03 requires a GAL to "immediately notify the court in writing … upon becoming aware that the recommendation of the GAL differs from the wishes of the child."

{¶19}  The deposition of the GAL occurred in December of 2024, which is after the order being appealed from in this case was issued (October 24, 2024).  This Court's review "is limited to the record as it existed at the time the trial court rendered judgment." *OH Seven LLC v. Lee*, 2021-Ohio-199 (5th Dist.), *quoting Fifth Third Mtge. Co. v. Salahuddin*, 2014-Ohio-3304 (10th Dist.).  Because this is new evidence that appellants are asserting for the first time on appeal, we cannot consider it.  *Thompson v. Dennis*, 2023-Ohio-3946 (5th Dist.).

{¶20}  Further, Sup.R. 48.03(A)(1) clearly contemplates that the GAL's best interest of the child recommendation may differ from the wishes of the child or other parties ("recommendations of the best interest of the child may be inconsistent with the wishes of the child or other parties").  No substantial right is created by Superintendence Rule 48.03.  It merely provides that, should the recommendation of the GAL differ from the wishes of the child, the trial court has the discretion to "take action as it deems necessary."  Sup.R. 48.03(B)(2).

{¶21}  Even if this Court looks at the contents of the deposition of the GAL, the contents demonstrate the lack of a final, appealable order in this case.  Counsel for

Mother questioned the GAL "about what kind of GAL report you're likely to write …". The GAL responded, "It's not completed, but go ahead." The GAL then continued to answer questions about what he is "likely" to put in his report and what he "probably" will put in his report. As of the date of the judgment entry being appealed from, no GAL report had been completed or submitted to the court or any of the parties. A non-completed, non-submitted GAL report cannot serve as the basis for standing or affect any substantial right. And certainly, a non-completed, non-submitted GAL report cannot serve as the basis for an argument of divergent interests.

{¶22} Appellants contend Z.C. has a statutory right to an attorney and, thus, her substantial rights are impacted by the judgment entry because R.C. 3109.04(A) provides, "if the court interviews any child concerning the child's wishes and concerns regarding those parenting time or visitation matters … no person other than the child, the child's attorney, the judge … shall be permitted to be present in the chambers during the interview." R.C. 3109.04(A). This statute merely regulates who is permitted to be present at the in-camera interview, it does not provide any statutory right to counsel for either Mother or Z.C. to enforce.

{¶23} Appellants also argue Civil Rule 75(B)(2) creates a substantial right for them to enforce. First, that portion of the rule provides it applies in a divorce, annulment, legal separation, or custody action. This case is not a divorce, annulment, legal separation, or custody action. Further, the rule provides that the court, in its discretion, "may" appoint legal counsel as it deems necessary for the child. Appointment of counsel is not required. *Raleigh v. Hardy*, 2009-Ohio-4829 (5th Dist.).

{¶24} Appellants contend Z.C.'s constitutional rights are at issue in this case, including her constitutional right to association, due process, and equal protection. Appellants state that an order compelling Z.C. to associate with someone she does not want to associate with strips her of these constitutional rights and her "liberty is at stake."

{¶25} However, the October 24, 2024, judgment entry does not order Z.C. to associate with anyone differently than she currently is or has been doing. There is an agreement and order in place from 2021 ordering supervised visitation between Father and Z.C. The October 24, 2024, judgment entry does nothing to change the order that has been in place for over three years; thus, none of the constitutional rights appellants list are implicated by the October 24, 2024, judgment entry. Additionally, this is a private visitation matter between two parents. Unlike in a permanent custody proceeding or an adoption proceeding, there is no state action or state entity involved in this case. *Henneke v. Ohio Dept. of Ins.*, 2011-Ohio-5366 (10th Dist.). Further, even if this case was in juvenile court, the right to counsel for the child is not guaranteed or absolute. *In re J.L.R.*, 2009-Ohio-5812 (4th Dist.); *In re K.K. & D.C.*, 2009-Ohio-5887 (5th Dist.); *Wright v. Wright*, 2013-Ohio-4138 (5th Dist.).

{¶26} To the extent that Appellant's argument is that the trial court's October 24, 2024, order forces Z.C. to associate with counsel not of her choosing, vis-à-vis the GAL, on April 16, 2024, Father filed a motion to appoint guardian ad litem. In a response filed April 22, 2024, Mother did not oppose such appointment. If the crux of Appellants' argument is the association between Z.C. and the GAL, we find it disingenuous that Mother now seeks appellate review of an association to which she previously agreed.

{¶27} Appellants cite *In re Williams*, 2004-Ohio-1500, *In re Gault*, 387 U.S. 1, and *In re Adoption of Y.E.F.*, 2020-Ohio-6785, for the proposition that a substantial right is affected in this case. However, unlike *Williams*, this case does not involve termination of parental rights, or Chapters 2152 and 2151 of the Revised Code. Thus, we find *Williams* inapplicable. *See Lowery v. Ridgeway*, 2015-Ohio-5051 (3rd Dist.). Similarly, the rationale in *Y.E.F.* is not applicable in this case because the *Y.E.F.* case involved whether a parent in an adoption proceeding in which their parental rights would be terminated is entitled to appointed counsel. While Mother has a "fundamental liberty interest" in parenting Z.C., that interest is not at issue in this case. No one is requesting a change of custody. The trial court has not ruled on any modification of visitation, and Mother is represented by counsel. Finally, *Gault* is a case in which the United States Supreme Court held that a juvenile must be notified of his or her right to counsel in a delinquency proceeding that may result in a juvenile's commitment to an institution. This case does not involve a delinquency proceeding, or the curtailing of Z.C.'s rights, such that there is any possibility she will be committed to an institution. Thus, *Gault* is inapplicable.

{¶28} Accordingly, we find the first portion of the two-pronged substantial right test is not met in this case because neither Mother nor Z.C. has a substantial right that they are entitled to enforce or protect arising from the October 24, 2024, judgment entry.

{¶29} We also find appellants do not meet the second portion of the substantial right test because the October 24, 2024, judgment entry's order, or its effect, is not irreversible. There has been no hearing or ruling upon the merits of the motions to modify or terminate. There is but one "claim" or "remedy" being sought here, i.e., the potential modification or termination of Father's visitation from that contained in the 2021 order.

Mother may still prevail on the merits of her motion to modify/terminate; if not, she is permitted, at the appropriate time, to appeal the final judgment entered on the motions. As detailed below, Z.C. is not a party to the case. All parties to the matter (Mother and Father) will have a meaningful and effective remedy as to all issues in the case by an appeal following final judgment. *See Vizzo v. Morris*, 2012-Ohio-2141 (5th Dist.). The striking of the notice of counsel did not dispose of the merits of either Mother or Father's motions regarding visitation, as both motions remain pending.

{¶30} Because appellants fail to meet either part of the two-part "substantial right" test, the October 24, 2024, judgment entry is not a final appealable order. Thus, this Court lacks jurisdiction to hear the appeal.

*Standing*

{¶31} Alternatively, appellants' lack of standing is a separate reason why this Court lacks jurisdiction to hear this appeal because neither Mother nor Z.C. has standing to appeal from the October 24, 2024, judgment entry.

{¶32} It is well established that before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue. *Ohio Contractors Assn. v. Bicking*, 71 Ohio St.3d 318 (1994). An appeal may be brought only by parties who have standing. *Hoover Kacyon, LLC v. Martell*, 2018-Ohio-4928 (5th Dist.).

{¶33} Standing is a "jurisdictional requirement; a party's lack of standing vitiates the party's ability to invoke the jurisdiction of the court – even a court of competent subject-matter jurisdiction – over the party's attempted action." *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 22. "Lack of standing is certainly a fundamental flaw that would require a court to dismiss the action …". *Id.* at ¶ 23. "The burden of proof to

establish standing lies with the party seeking to appeal and therefore that party must ensure that the record supports his or her claim of standing." *Olentangy Local School Dist. Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 2024-Ohio-1563 (5th Dist.).

{¶34} Only an aggrieved party has standing to appeal from a final appealable order. *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177 (2001). "Aggrieved" means "deprived of legal rights or claims." *Snodgrass v. Testa*, 2015-Ohio-5364, ¶ 27. A "party" is "one or against whom a lawsuit is brought; anyone who both is directly interested in a lawsuit and has a right to control the proceedings, make a defense, or appeal from an adverse judgment." *Black's Law Dictionary* (8th ed. 2004). An "aggrieved party" is a party with an interest in the subject matter of the litigation that is "immediate and pecuniary, and not a remote consequence of the judgment." *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.*, 140 Ohio St. 160, 161 (1942).

{¶35} "It is a fundamental rule that an appeal may generally be instituted only by 'parties who are able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced by the judgment of the lower court.'" *In re Guardianship of Santrucek*, 2008-Ohio-4915, ¶ 5, *citing Willoughby Hills v. C.C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26 (1992). Because only a person who is "aggrieved" and a "party" may appeal, the "logical result is that nonparties typically do not have a right of direct appeal." *In the Matter of J.P.R.*, 2024-Ohio-3380, ¶ 16 (4th Dist.).

{¶36} Mother cannot demonstrate standing to appeal because she cannot demonstrate that the judgment entry by the trial court actually prejudiced her. *Iden v. Zumbro*, 2019-Ohio-1051 (5th Dist.). Mother's "fundamental liberty interest" in parenting

Z.C. is not at issue in the October 2024 judgment entry. Father is not requesting a change in custody, and the trial court has not ruled upon any modification of visitation. Of course, Father is not an appellant. The trial court has not yet conducted an in-camera interview with Z.C. and has not yet determined the best interest of the child as to visitation. Mother is represented by counsel, who is zealously representing her. Mother has not been prejudiced by the October 24, 2024, judgment entry. Accordingly, Mother lacks standing to assert error in regard to the judgment entry striking Z.C.'s counsel.

{¶37} Likewise, Z.C. lacks standing to appeal because she is a not a party to the proceedings, and no exception applies. *In the Matter of J.P.R.*, 2024-Ohio-3380 (4th Dist.). Appellants argue Z.C. is a "party" to this proceeding and is thus entitled to counsel under R.C. 2151.352, R.C. 2151.23(F)(1), and Juvenile Rule 4(A). However, this rule and statutes have no application in the present case. *See Raleigh v. Hardy*, 2009-Ohio-4829, ¶ 29 (5th Dist.). The present case involves unmarried parents seeking to modify a prior order of the Delaware County Court of Common Pleas, Domestic Relations Division, regarding parenting time. Thus, the case is under the statutory jurisdiction of the Delaware County Court of Common Pleas, Domestic Relations Division. R.C. 2301.03(EE). Additionally, a child does not become a party to the case when a court appoints a guardian ad litem. *Wilburn v. Wilburn*, 2006-Ohio-5820 (9th Dist.).

{¶38} Accordingly, both Mother and Z.C. lack standing to appeal the judgment entry and their appeal must be dismissed because this Court lacks jurisdiction to hear their appeal.

{¶39}   Based on the foregoing, we find the October 24, 2024, judgment entry is not a final, appealable order.  Alternatively, we find both Mother and Z.C. lack standing to appeal the October 24, 2024, judgment entry.  Accordingly, the above-captioned case is hereby dismissed.


By: Popham, J.,

Baldwin, P.J, and

Montgomery, J., concur