[Cite as *Chester/12, Ltd. v. Epiq Constr. Servs., Inc.*, 2023-Ohio-1886.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CHESTER/12 LTD.,                          :

      Plaintiff-Appellant,          :

                                      Nos. 111626 and 112198

      v.                                      :

EPIQ CONSTRUCTION SERVICES,       :
INC., ET AL.,

      Defendants-Appellees.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 8, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-936669

---

### *Appearances:*

Flowers & Grube, Paul W. Flowers, and Melissa A. Ghrist;
Charles V. Longo Co., L.P.A., and Charles V. Longo, *for appellant*.

Thrasher, Dinsmore & Dolan, LPA, Brandon D.R. Dynes,
Todd C. Hicks, and Christopher R. Elko, *for appellee*.

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Plaintiff-appellant, Chester/12, Ltd. ("Chester/12"), appeals from the trial court's judgments granting summary judgment to defendant-appellee, Epiq

Construction Services, Inc. ("Epiq") and denying its Civ.R. 60(B) motion to vacate the summary judgment order. For the reasons that follow, we affirm.

## I. Background

{¶ 2} This case involves the installation of a heating, ventilation, and air conditioning ("HVAC") system at a commercial building in Cleveland owned by Chester/12. In 2017, a tenant engaged in the personal and group fitness business leased a suite in the building from Chester/12 but required renovations to the space, including the installation of a new HVAC system, so the space could be used as a gym. Chester/12 contracted with Epiq to act as a general contractor, and Epiq subcontracted the installation of the HVAC system to ENG Heating & Cooling, Inc. ("ENG"). Shortly after the tenant took possession, it reported temperature and ventilation defects in the HVAC system and over the next two years, the HVAC system repeatedly failed to operate properly. In September 2019, the tenant terminated its lease with Chester/12 and vacated the premises as a result of the continued HVAC problems.

{¶ 3} In August 2020, Chester/12 filed suit against Epiq, asserting claims for breach of contract, breach of implied warranty to perform in a workmanlike manner, and negligence. Epiq filed a third-party complaint against ENG, who then filed a fourth-party complaint against its insurer, Westfield Insurance Company ("Westfield"), seeking a declaration of coverage. Westfield filed a counterclaim against ENG.

{¶ 4} The trial court held a case-management conference and established dates for the exchange of expert reports and the filing of dispositive motions, and the parties then proceeded with discovery. In November 2021, Epiq filed a motion to compel discovery because Chester/12 had not responded to its discovery requests. The trial court granted the motion and ordered Chester/12 to produce responses to Epiq's discovery requests. Epiq and ENG also filed motions for summary judgment, which Chester/12 did not oppose.

{¶ 5} In December 2021, because Chester/12 still had not responded to its discovery requests, Epiq filed a motion for an order that Chester/12 appear and show cause why it should not be held in contempt. Before ruling on the motion, the trial court granted both Epiq's and ENG's motions for summary judgment, ruling that the motions were "unopposed and granted." The court then granted the motion to show cause and set a contempt hearing for early January 2022.

{¶ 6} At the hearing, counsel for Chester/12 apologized for his client's failure to respond to Epiq's discovery requests and the motions for summary judgment. He explained that the associate attorney who filed the case had left his firm in August 2021, and he had been unable to find another attorney to replace him. In addition, he explained that his office manager/assistant, who had been gathering the responsive documents, contracted COVID in December 2021, and was out of the office for nearly a month. Counsel acknowledged his responsibility for the case but asserted that in light of these difficulties, he had inadvertently missed the discovery

and summary judgment response deadlines. The trial court stated at the end of the hearing that the motion was "heard and submitted" but it never ruled on the motion.

{¶ 7} After the hearing, co-counsel for Chester/12 entered a notice of appearance and filed a motion asking the trial court to reconsider its interlocutory rulings granting Epiq's and ENG's motions for summary judgment as unopposed.[1] Co-counsel argued that as demonstrated at the contempt hearing, counsel's failure to respond to the summary judgment motions was excusable neglect and thus, in the interests of fairness and justice, the trial court should "reopen the proceedings" and grant Chester/12 time to respond to the motions. Chester/12 argued further that summary judgment motions should not be granted simply because they are unopposed.

{¶ 8} Before the trial court ruled on the motion for reconsideration, ENG and Westfield filed a notice of dismissal with prejudice of ENG's fourth-party complaint and Westfield's counterclaim. Because all claims had been resolved, Chester/12 then filed a notice of appeal to this court regarding the trial court's grant of summary judgment to Epiq and ENG. This court subsequently granted ENG's

---

[1] Before a court may consider the merits of a legal claim, the person or entity seeking relief must have standing. *Link v. Wayne Ins. Group*, 3d Dist. Wayne No. 1-18-13, 2018-Ohio-3529, ¶ 13, citing *ProgressOhio.org., Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.2d 1101, ¶ 7. To have standing, a litigant must assert its own rights, not those of third persons. *Id.* Thus, a party does not have standing to move a court to reconsider or vacate a judgment that the court entered against another party. *Id.* at ¶ 14. The claims against ENG were asserted by Epiq, not Chester/12, and the trial court granted ENG's summary judgment motion and entered judgment in favor of ENG on Epiq's third-party complaint against ENG. Thus, Chester/12 had no standing to move the court to reconsider its judgment on Epiq's claims against ENG.

motion to dismiss it as a party to the appeal because Chester/12 had not filed any claims against ENG, and Epiq, who asserted claims against ENG by way of its third-party complaint, had not filed a cross-appeal.

{¶ 9} While the appeal was pending, the trial court sua sponte granted Chester/12 leave to supplement its pending motion to reconsider the trial court's summary judgment ruling in favor of Epiq, ruling that Chester/12 was granted leave "to supplement the motion to vacate with evidence of the kind described in Civ.R. 56 that creates a genuine issue of material fact on the underlying causes of action."[2] Likewise, the court granted Epiq leave to supplement its brief in opposition to the motion to vacate. This court then granted Chester/12's motion to remand the matter to the trial court for the limited purpose of ruling on the pending motion to vacate.

{¶ 10} In its supplemental filing, Chester/12 submitted the affidavit of David Calabrese, who averred that he was an "authorized representative of Chester/12" and had "knowledge of certain matters and claims" set forth in Chester/12's suit against Epiq. Calabrese averred that Chester/12 contracted with Epiq to perform general construction services in the space to be occupied by its tenant, including the installation of an HVAC system, and that Epiq subcontracted the HVAC system installation to ENG. Calabrese averred that "Epiq breached its obligations under the contract with [Chester/12] because the HVAC system was defectively designed and improperly installed in the Tenant Space." Further, Calabrese averred that although

---

[2] Although Chester/12 had filed a motion for reconsideration under Civ.R. 54(B), the trial court treated it as a motion to vacate pursuant to Civ.R. 60(B).

Chester/12 made "multiple demands upon Epiq to remedy the defects relating to the malfunctioning HVAC system, neither Epiq nor ENG resolved the malfunctions with the HVAC system," which ultimately caused Chester/12's tenant to terminate its lease. Finally, Calabrese averred that attached to his affidavit were "true and exact copies of the reports, invoices and service orders prepared by Castle Heating and Air as well as Steve's Air Conditioning Electrical Inc. for Chester/12, which describe the defects and approximate costs to repair and modify the HVAC system improperly designed and installed by Epiq." Chester/12 offered no argument in its supplemental filing regarding how Calabrese's affidavit and the attached documents satisfied its claims against Epiq nor how they either demonstrated that it had a meritorious defense to Epiq's motion for summary judgment or created a genuine issue of material fact sufficient to defend against Epiq's motion for summary judgment.

{¶ 11} In its supplemental brief opposing Chester/12's motion to vacate, Epiq argued that the documents submitted by Chester/12 in its supplemental brief (which had never been produced to Epiq despite the court's discovery order) did not demonstrate that Chester/12 had a meritorious defense to Epiq's motion for summary judgment or that Epiq had any liability to Chester/12 for its claimed HVAC problems.

{¶ 12} The trial court denied Chester/12's motion for relief from judgment. It found that Chester/12's motion to vacate the summary judgment in favor of Epiq proffered two reasons to vacate the judgment: (1) Chester/12's counsel had

inadvertently failed to respond to the motion; and (2) a motion for summary judgment should not be granted solely because it is unopposed. The trial court noted that it had sua sponte granted Chester/12 leave to supplement its motion to vacate "with Civ.R. 56(C) evidence supporting [its] opposition to summary judgment on the merits." "In other words," the trial court stated, "the court invited the plaintiff to submit evidence creating a genuine issue of material fact about whether Epiq's work was deficient either according to the terms of the parties' contract or the standards of Epiq's occupation."

{¶ 13} The court found that Chester/12 "responded to this invitation" by filing its supplement, which included a July 2019 report from Mike Steidel of Castle Heating and Air and an August 2019 report from Steve Manley of Steve's Air Conditioning and Heating. The trial court found that both reports included an opinion that hot gas bypass kits should have been but were not installed on the HVAC system when it was originally installed. But the trial court found that

> neither report qualifies as the type of evidence that may be considered in opposition to a motion for summary judgment, namely, a deposition under oath or an affidavit. In other words, more than three years after learning the opinions of these potential expert witnesses, the plaintiff still had not persuaded Steidel or Manley — or any other qualified expert — to support their opinions with an oath as required not only by Civ.R. 56(C) but, ultimately, to prevail at trial.

{¶ 14} The trial court then identified the requirements of Civ.R. 60(B) and noted that Chester/12 was arguing that its counsel's failure to respond to Epiq's summary judgment motion was "excusable neglect." But the trial court found that "putting aside whether excusable neglect has been shown," a party seeking relief

from judgment under Civ.R. 60(B) must also demonstrate that it has a meritorious defense or claim to present if relief is granted. The trial court concluded that Chester/12 had not met its burden. The court stated:

> To successfully oppose Epiq's motion for summary judgment – which, as already mentioned, is supported by evidence of the quality required by Civ.R. 56(C) — the plaintiff must produce an opinion by a properly qualified HVAC expert that Epiq's work did not conform to the contract requirements or was otherwise below the standard of care expected from a professional HVAC installer. Without Civ.R. 56(C) evidence of this nature to rebut or contradict Epiq's evidence, Epiq is unquestionably entitled to summary judgment because no issue of material fact exists for a jury to determine. And it is now clear — after never providing any such evidence during discovery, after not opposing summary judgment, and after not producing competent evidence through nearly ten months of litigating the motion to reconsider — that the plaintiff does not have the evidence it needs to proceed to trial on its claims. As a result, plaintiff Chester/12's motion for reconsideration of the * * * judgment entry granting defendant Epiq Construction Services, Inc.'s motion for summary judgment, construed as a Civ.R. 60(B) motion for relief from judgment, is denied.

{¶ 15} Chester/12 appealed the trial court's judgment denying its motion to vacate, and this court consolidated Chester/12's appeal of the trial court's summary judgment ruling with its appeal from the denial of its motion to vacate.

## II. Law and Analysis

### A. Epiq's Motion for Summary Judgment

{¶ 16} In its first assignment of error, Chester/12 contends that the trial court erred in granting summary judgment to Epiq.

{¶ 17} Under Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably to the party

against whom the motion is made, reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.,* 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998); *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶ 18} The moving party has the initial burden of setting forth specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate. *Id.* at 293. If the moving party meets this burden, the nonmoving party has a reciprocal burden of setting forth specific facts using evidence permitted by Civ.R. 56(C) to show that there is a genuine issue for trial. *Id.* Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.*

{¶ 19} We review the trial court's judgment de novo, using the same standard that the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Accordingly, we stand in the shoes of the trial court and conduct an independent review of the record.

{¶ 20} Chester/12 first contends that the trial court erred in granting summary judgment to Epiq because in ruling on a motion for summary judgment, the trial court must review the evidentiary record and make a determination as to whether the moving party has sustained its burden of proof. Chester/12 contends the trial court's ruling that the motion was "unopposed and granted" demonstrates it did not do so.

{¶ 21} Summary judgment may be appropriate when the nonmoving party does not produce evidence on any issue for which that party bears the burden of production at trial. *Abram v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 80127, 2002-Ohio-2622, ¶ 43. Nevertheless, even when a summary judgment motion is unopposed, the motion and supporting evidence must show that no material fact in the case is in dispute before the court can grant the motion. *Charles Gruenspan Co. v. Thompson*, 8th Dist. Cuyahoga No. 80748, 2003-Ohio-3641, ¶ 12.

{¶ 22} As noted above, Chester/12 asserted claims against Epiq for breach of contract, breach of implied warranty to perform in a workmanlike manner, and negligence. The essential elements of a cause of action for breach of contract are the existence of a contract, performance by the plaintiff, breach by the defendant, and resulting damage to the plaintiff. *Castle Hill Holdings, L.L.C. v. Al Hut, Inc.*, 8th Dist. Cuyahoga No. 86442, 2006-Ohio-1353, ¶ 22. Regarding a claim for breach of implied warranty, the common law imposes a duty upon builders and contractors to perform their duties in a workmanlike manner. *Hanna v. Groom*, 10th Dist. Franklin No. 07AP-502, 2008-Ohio-765, ¶ 19. This implied duty requires construction professionals "to act reasonably and to exercise the degree of care which a member of the construction trade in good standing in that community would exercise under the same or similar circumstances." *Jarupan v. Hanna*, 173 Ohio App.3d 284, 2007-Ohio-5081, 878 N.E.2d 66, ¶ 16 (10th Dist.). Finally, to prevail in a negligence action, a plaintiff must show the existence of a duty, the

defendant's breach of that duty, and injury that is the proximate result of that breach. *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989).

{¶ 23} Epiq's motion for summary judgment was supported by the affidavit of Joseph Kovach, the owner of Epiq. In his affidavit, Kovach averred that Chester/12 contracted with Epiq to build out the space and install an HVAC system for its tenant to operate a gym, and that Epiq subcontracted the HVAC system installation to ENG. Kovach averred that ENG properly installed the HVAC system according to the site plans and the manufacturer's specifications. Kovach further averred that after Chester/12's tenant took possession of the premises, it was the tenant's responsibility under the terms of its lease to maintain the HVAC system (including obtaining a maintenance service contract from a qualified HVAC contractor) but the tenant failed to do so, which caused the system to fail. Attached to Kovach's affidavit were authenticated copies of the lease agreement between the tenant and Chester/12 showing the tenant's maintenance obligations regarding the HVAC system, the site plans for installation of the HVAC system, and an email from the premises manager to the tenant confirming that the tenant had never obtained the required maintenance service contract.

{¶ 24} The evidence set forth by Epiq demonstrated that Chester/12 and Epiq entered into a contract; Epiq fully performed its obligations under the contract, including subcontracting with ENG to install the HVAC system; ENG properly installed the HVAC system according to the site designs and manufacturer's specifications; and the system failed because of the failure of Chester/12's tenant to

maintain it as required by its lease, not because of any defect in the system or failure by Epiq.

{¶ 25} In short, Epiq's motion for summary judgment and attached exhibits met its burden under Civ.R. 56(C) of demonstrating there were no genuine issues of material fact regarding Chester/12's claims and that it was entitled to summary judgment as a matter of law. Chester/12 presented no evidence that Epiq breached any duty and did not perform in a workmanlike manner. Thus, Chester/12 failed to meet its reciprocal burden of showing there were disputed issues for trial and, accordingly, the trial court properly granted summary judgment to Epiq.

{¶ 26} We disagree with Chester/12's assumption that the trial court did not review the evidentiary record before granting summary judgment because it noted in its judgment entry that Epiq's motion was unopposed. A trial court need not discuss the evidence and law in its summary judgment ruling. "'The trial court need not enunciate any definite statement concerning the court's rationale for granting a motion for summary judgment. In fact, the trial court need not issue anything more than a clear and concise pronouncement of the judgment in its ruling on a motion for summary judgment.'" *Phillips v. Acacia on the Green Condo. Assn.*, 8th Dist. Cuyahoga No. 110636, 2021-Ohio-4521, ¶ 33, quoting *Schaffer v. First Merit Bank, N.A.*, 186 Ohio App.3d 173, 2009-Ohio-6146, 927 N.E.2d 15, ¶ 11 (9th Dist.).

{¶ 27} Moreover, the record belies Chester/12's argument that the trial court granted the motion solely because it was unopposed. Although not included in its judgment entry granting summary judgment, the trial court explained its reasons

for granting Epiq's motion in its decision denying Chester/12's motion to vacate. Specifically, the court found that the evidence filed with Epiq's summary judgment motion demonstrated that the HVAC system had been properly installed and that the tenant's failure to maintain the system as required by its lease had caused the system to fail. Thus, Chester/12's argument that the trial court did not review the evidentiary record before determining that Epiq was entitled to summary judgment is purely speculative. Furthermore, as discussed above, because Epiq's motion and supporting evidence demonstrated the absence of any material fact for trial and that it was entitled to judgment as a matter of law, and Chester/12 failed to meet its reciprocal burden to demonstrate there were any issues of material fact for trial, any error by the trial court in granting the motion as unopposed was not prejudicial.

{¶ 28} We likewise reject Chester/12's argument that the trial court erred in granting summary judgment to Epiq because the Calabrese affidavit and supporting exhibits, which Chester/12 submitted as a supplement to its motion to vacate, established "triable issues of fact" that "should have been sufficient to allow each of [Chester/12's] causes of action to proceed to trial." (Appellant's Brief, p. 10.).

{¶ 29} Appellate review is limited to the record as it existed at the time the trial court rendered its judgment. *Leiby v. Univ. of Akron*, 10th Dist. Franklin No. 05AP-1281, 2006-Ohio-2831, ¶ 7. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1979), paragraph one of the syllabus. Likewise, a reviewing

court cannot consider evidence that a party added to the trial court record after the trial court's judgment, and then decide an appeal from the judgment based on the new evidence. Thus, in a direct appeal from the trial court's summary judgment decision, "we consider the evidence that the trial court did at the time it rendered its decision — no more, and no less." *Bader v. Ferri*, 3d Dist. Allen No. 1-13-01, 2013-Ohio-3074, ¶ 22. "It would be improper for us to consider portions of the record postdating the trial court's summary judgment decision in evaluating whether the trial court should have rendered summary judgment." *Id.*

{¶ 30} Because we consider only the evidence before the trial court when it rendered its judgment, a reviewing court will not consider an affidavit submitted to the trial court after its summary judgment ruling. *See Leiby* at ¶ 6-7 (refusing to consider an affidavit the appellant filed with the trial court after the court entered summary judgment); *Zarlinga v. Lampert*, 8th Dist. Cuyahoga No. 72294, 1998 Ohio App. LEXIS 727, 7 (Feb. 26, 1998) (where appellant submitted an affidavit after the trial court granted summary judgment, this court refused to consider the affidavit, stating "we are not permitted to consider it because our review of summary judgment is limited to the contents of the record as it existed before the trial court").

{¶ 31} The Calabrese affidavit was submitted to the trial court nearly nine months after the court granted Epiq's motion for summary judgment. Accordingly, we cannot consider it for purposes of determining whether the trial court properly granted Epiq's motion for summary judgment. Chester/12's assertion that the affidavit can be considered because it was submitted for purposes of "reopened

summary judgment proceedings" is disingenuous and wholly without merit. The Calabrese affidavit was not submitted for summary judgment purposes; it was submitted solely as a supplement to Chester/12's postjudgment motion to vacate the trial court's summary judgment decision. The summary judgment proceedings would have been "reopened" only if the trial court had granted the motion to vacate its summary judgment ruling, which it did not do. The Calabrese affidavit was not before the trial court for purposes of considering Epiq's motion for summary judgment nor is it properly before this court for that purpose.

{¶ 32} Our de novo review demonstrates that the evidentiary record supported Epiq's motion for summary judgment and Chester/12 failed to meet its reciprocal burden of showing an issue of material fact with respect to any of its claims. Accordingly, the trial court did not err in granting Epiq's motion. The first assignment of error is overruled.

**B. Motion to Vacate**

{¶ 33} In its second assignment of error, Chester/12 contends that the trial court abused its discretion in denying its motion to vacate the trial court's summary judgment ruling.

{¶ 34} To prevail on a motion for relief from judgment, the movant must demonstrate that (1) the party has a meritorious defense or claim to present if the relief is granted; (2) the party is entitled to relief under one of the grounds stated in

Civ.R. 60(B)(1)-(5);[3] and (3) the motion is made within a reasonable time. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. The movant must satisfy all three requirements to obtain relief. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

{¶ 35} We review a trial court's judgment regarding a motion for relief from judgment under an abuse-of-discretion standard. *Bank of N.Y. v. Elliot*, 8th Dist. Cuyahoga Nos. 97506 and 98179, 2012-Ohio-5285, ¶ 25. The term "abuse of discretion" connotes "judgment exercised by a court [that] does not comport with reason or the record." *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678, 148 N.E. 362 (1925). Stated another way, an abuse-of-discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004). We find no abuse of discretion in the trial court's denial of Chester/12's motion for relief from judgment.

{¶ 36} Epiq contends that the trial court's judgment should be affirmed because Chester/12 failed to demonstrate that its counsel's failure to respond to Epiq's motion for summary judgment was excusable neglect and, therefore, it did

---

[3] (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that could not have been discovered in the exercise of due diligence in time to move for a new trial; (3) fraud; (4) the judgment has been satisfied, released, or discharged; or (5) any other reason justifying relief from the judgment.

not demonstrate that it was entitled to relief under Civ.R. 60(B)(1). We need not address this argument, however, because the trial court put the issue of excusable neglect "aside" and based its ruling solely on Chester/12's failure to produce Civ.R. 56(C) evidence to rebut or contradict Epiq's summary judgment motion. Specifically, the trial court ruled that to demonstrate it had a meritorious defense to Epiq's summary judgment motion, Chester/12 had to produce an opinion by a properly qualified HVAC expert that Epiq's work did not conform to the contract requirements or was otherwise below the standard of care expected from a professional HVAC installer. The trial court found that the two reports attached to the Calabrese affidavit were insufficient under the requirements of Civ.R. 56(C) to do so, demonstrating that even four years after it filed suit, Chester/12 did not have the evidence it needed to proceed to a trial on the merits of its claims. It therefore denied the motion to vacate.

{¶ 37} Chester/12 contends that the trial court's ruling was an abuse of discretion because the trial court applied an incorrect legal standard to its Civ.R. 60(B) motion, erroneously requiring it to demonstrate a "meritorious defense" with the same type of evidence needed to oppose summary judgment. Chester/12 contends that under Civ.R. 60(B), a movant need only *allege* a meritorious claim or defense; it need not *prove* that it will prevail on the claim or defense.

{¶ 38} Chester/12 forfeited this issue by not raising it before the trial court. *State v. Williams*, 51 Ohio St.2d 112, 364 N.E.2d 1364 (1977), paragraph two of the syllabus (an appellate court need not consider an error that a complaining party

could have but did not call to the trial court's attention when such error could have been avoided or corrected). The trial court's order granting Chester/12 leave to supplement the motion to vacate clearly advised Chester/12 that it should supplement the motion to vacate "with evidence of the kind described in Civ.R. 56 that creates a genuine issue of material fact on the underlying causes of action." If Chester/12 believed this to be the wrong evidentiary standard to be applied to the motion to vacate, it should have so advised the trial court before the court ruled on the motion to vacate. It did not do so and instead, raises the issue for the first time on appeal. It is well-settled that arguments not raised below cannot be raised for the first time on appeal. *State ex rel. Gutierrez v. Trumbull Cty. Bd. of Elections,* 65 Ohio St.3d 175, 602 N.E.2d 622 (1992).

{¶ 39} Nevertheless, we find that the trial court did not abuse its discretion in denying the motion to vacate because Chester/12's supplement failed to demonstrate that it had a meritorious claim or defense to present at trial if the motion were granted.

{¶ 40} In denying the motion to vacate, the trial court properly recognized that expert testimony was necessary for Chester/12 to prevail on its claims. A party need not submit expert testimony where the subject of an inquiry is within the common, ordinary experience and knowledge of a layperson. *Jones v. Hawkes Hosp.,* 175 Ohio St. 503, 196 N.E.2d 592 (1964), paragraph one of the syllabus. On the other hand, "where the inquiry pertains to a highly technical question of science or art or to a particular professional or mechanical skill," expert testimony is

required. *Id.* "Experts have the knowledge, training and experience to enlighten the jury concerning the facts and their opinion regarding the facts." *Ramage v. Cent. Ohio Emergency Servs., Inc.,* 64 Ohio St.3d 97, 102, 592 N.E.2d 828 (1992).

{¶ 41} In this case, for Chester/12 to prevail on its claims against Epiq, a trier of fact would have to determine whether, as alleged by Chester/12, the HVAC system had been "defectively designed and improperly installed" and whether the alleged improper installation had caused the issues with the system. Such matters are outside the common, ordinary experience and knowledge of a layperson. Thus, as the trial court found, expert testimony was required.

{¶ 42} But as Chester/12 concedes, "little (if anything) expressed in the two reports [i.e., the reports from Steidel and Manley to Calabrese] actually qualifies as an expert opinion for purposes of Evid.R. 702." (Appellant's brief, p. 18.) Likewise, Chester/12 concedes that the Calabrese affidavit contained testimony from a lay witness, not an expert. (*Id.*, p. 11-12.)

{¶ 43} As determined by the Supreme Court of Ohio, in considering a Civ.R. 60(B) motion for relief from judgment, "[t]he burden is upon the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988). Chester/12 failed to satisfy this burden because its supplement to the motion to vacate did not even allege that an expert had opined that Epiq's work did not meet the contract requirements or was otherwise below the standard expected of an HVAC installer. Chester/12 therefore failed to demonstrate

it had a meritorious claim or defense to present if the motion to vacate were granted, and accordingly, the trial court exercised "sound, reasonable, and legal decision-making" in denying the motion. The second assignment of error is overruled.

**{¶ 44}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
MICHAEL JOHN RYAN, J., CONCUR