[Cite as *U.S. Bank v. Ballard*, 2026-Ohio-673.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION NOT IN ITS INDIVID. | : | C.A. No. 30570 |
| | : | |
| Appellees | : | Trial Court Case No. 2023 CV 05430 |
| | : | |
| v. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| SYLVESTER J. BALLARD ET AL. | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellants | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on February 27, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Christopher B. Epley*

CHRISTOPHER B. EPLEY, JUDGE

LEWIS, P.J., and HUFFMAN, J., concur.

OPINION

PERCY SQUIRE, Attorney for Appellants

LAURA C. INFANTE and ASHLEY E. MUELLER, Attorneys for Appellee U.S. Bank National Association, Not in Its Individual Capacity but Solely in Its Capacity as Indenture Trustee of CIM Trust 2021-NR4

EPLEY, J.

{¶ 1} Sylvester J. Ballard and Turnaround Management LLC ("Turnaround") appeal from a judgment of the Montgomery County Common Pleas Court in U.S. Bank's foreclosure action against them. They assert that the trial court erred by denying their motion to dismiss, denying their motion for an order requiring U.S. Bank to cease and desist adding unwarranted charges, granting U.S. Bank's motions for summary judgment against Ballard and Turnaround, denying Ballard's motion for reconsideration, and denying Ballard's and Turnaround's counterclaims. For the following reasons, the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} On May 26, 2004, Ballard executed a promissory note, secured by a mortgage on property located at 1420 Glendale Avenue. Ballard transferred the property to Turnaround by general warranty deed, recorded on July 17, 2013. The loan went into default, and U.S. Bank initiated a foreclosure action against Ballard on October 10, 2023. Turnaround was also named as a defendant due to its interest in the property.

{¶ 3} Ballard filed an answer, denying the allegations against him and arguing that U.S. Bank lacked standing to bring the lawsuit. He filed an amended counterclaim on June 6, 2024, alleging that U.S. Bank's assignment of the note and mortgage and calculation of the amounts owed violated the Fair Debt Collections Practice Act ("FDCPA"). On May 13, 2024, Ballard filed a motion to dismiss for lack of standing, which the trial court overruled. Ballard

also filed a motion for U.S. Bank to cease and desist adding unwarranted charges, which the trial court also overruled.

{¶ 4} U.S. Bank filed a motion for summary judgment against Ballard and a motion for default judgment against Turnaround, which had not responded to the complaint. With leave, Turnaround filed an answer and counterclaim on December 17, 2024, denying the allegations against it and asserting that U.S. Bank added excessive and improper charges for alleged overdue payments. On January 31, 2025, the trial court granted U.S. Bank's motion for summary judgment against Ballard, awarding judgment to U.S. Bank on its complaint against Ballard and on Ballard's counterclaims. Ballard filed a motion for relief, which was later revised to a motion for reconsideration.

{¶ 5} On April 8, 2025, U.S. Bank filed a motion for summary judgment against Turnaround. On July 11, 2025, the trial court issued a judgment entry and decree of foreclosure in favor of U.S. Bank. The trial court also issued a decision overruling Ballard's motion for reconsideration and granting summary judgment to U.S. Bank on Turnaround's counterclaim. Ballard then paid off the subject loan in full, and U.S. Bank moved to vacate the foreclosure judgment and dismiss its complaint. The trial court granted the requests to vacate the judgment and dismiss the complaint on August 7, 2025. Ballard and Turnaround filed a notice of appeal the following day.

{¶ 6} On August 29, 2025, U.S. Bank filed a motion to dismiss this appeal. It argued that the appeal was moot because the judgment was voluntarily satisfied, and therefore Ballard could no longer obtain relief from an appeal. U.S. Bank further argued that this appeal pertained to entries that were not final appealable orders, as well as to entries that were issued more than thirty days prior to the notice of appeal and thus untimely.

{¶ 7} We addressed U.S. Bank's motion to dismiss in an order issued on October 1, 2025, finding that "mootness deprives this court of jurisdiction to review the trial court's December 13, 2024 'Decision, Entry, and Order Denying Defendant Sylvester J. Ballard's Request for Dismissal' and July 11, 2025 'Judgment Entry and Decree of Foreclosure.'" However, although the issues arising out of the trial court's rulings on U.S. Bank's foreclosure complaint were moot, we stated that its rulings on Ballard's and Turnaround's counterclaims alleging FDCPA violations and U.S. Bank's improper collection of charges could be reviewed independently. Additionally, we stated that the appeal of these orders was timely because they either merged into the final order or became final when the action was dismissed. Therefore, we narrowed the scope of this appeal to reviewing the trial court's findings on only Ballard's and Turnaround's counterclaims.

{¶ 8} Ballard and Turnaround filed their appellant brief on December 9, 2025, raising four assignments of error.

## II. Appellate Review

### A. Standing

{¶ 9} In Ballard and Turnaround's first, third, and (in part) fourth assignments of error, they assert that the trial court erred when it overruled Ballard's motion to dismiss, denied Ballard's motion for reconsideration, and granted U.S. Bank's motions for summary judgment against them—all based on the premise that U.S. Bank lacked standing to bring its foreclosure action.

{¶ 10} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 2018-Ohio-24, ¶ 9 (2018), citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970); *State v. Smith*, 2019-Ohio-3592, ¶ 8 (2d Dist.). Under the mootness doctrine, this court will not decide a case where an actual legal controversy no

4

longer exists between the parties. *Cyran* at ¶ 9, citing *In re A.G.*, 2014-Ohio-2597, ¶ 37. "Issues are moot when they lack practical significance and, instead, present academic or hypothetical questions." *Dibert v. Carpenter*, 2018-Ohio-1054, ¶ 30 (2d Dist.), citing *State ex rel. Ford v. Ruehlman*, 2016-Ohio-3529, ¶ 55.

{¶ 11} To consider Ballard's and Turnaround's arguments related to standing would require us to review the trial court's decisions arising out of U.S. Bank's foreclosure complaint. However, we have already determined that Ballard's and Turnaround's appeal of the denial of Ballard's request for dismissal and the final judgment entry and decree of foreclosure are moot, and therefore we lack jurisdiction to review these orders. As a result, we will not review these rulings by the trial court, and these assignments of error are overruled.

### B. FDCPA Claims

{¶ 12} In their second assignment of error, Ballard and Turnaround state that the trial court erred when it denied Ballard's motion for an order requiring U.S. Bank to cease and desist adding unwarranted charges. Their fourth assignment of error similarly claims that the trial court erred in denying their counterclaims and motion for reconsideration regarding the alleged collection of improper charges.

{¶ 13} U.S. Bank asserts that this argument has been waived because Ballard did not allege any FDCPA violation in the motion to cease and desist adding unwarranted charges. However, although the FDCPA was not specifically cited in the motion, Ballard and Turnaround alleged in their counterclaims that the charges and fees at issue violated the FDCPA. Accordingly, we conclude that this argument has not been waived.

{¶ 14} We review the trial court's judgment on the FDCPA claims using the same standard under Civ.R. 56(C) that the trial court applied. *Chester/12 Ltd. v. Epiq Constr.*

5

*Servs.*, 2023-Ohio-1886, ¶ 19 (8th Dist. 2023), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under Civ.R. 56(C), a movant is entitled to summary judgment when that party demonstrates (1) that there is no issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the non-moving party. *Rhododendron Holdings, LLC v. Harris*, 2021-Ohio-147, ¶ 22 (2d Dist.), quoting *Miller v. Bike Athletic Co.*, 80 Ohio St.3d 607, 617 (1998).

{¶ 15} "The burden of demonstrating that no genuine issues exist as to any material fact falls upon the moving party requesting a summary judgment." *Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64, 66 (1978). Once the moving party has satisfied its burden of showing that there is no genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The nonmoving party cannot rely upon the mere allegations or denials in the pleadings but must provide evidence setting forth specific facts showing that there is a genuine issue of material fact for trial. Civ.R. 56(E). *Accord Geloff v. R.C. Hemm's Glass Shops, Inc.*, 2021-Ohio-394, ¶ 14 (2d Dist.). When the standard is met, summary judgment must be awarded as a matter of law.

{¶ 16} We review the trial court's ruling on a summary judgment motion de novo. *Martcheva v. Dayton Bd. of Edn.*, 2021-Ohio-3524, ¶ 35 (2d Dist.). "Accordingly, we stand in the shoes of the trial court and conduct an independent review of the record." *Chester/12 Ltd.* at ¶ 19.

{¶ 17} The Fair Debt Collection Practices Act prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Jarvis v. First Resolution Mgt. Corp.*, 2012-Ohio-5653, ¶ 11

6

(9th Dist.), citing 15 U.S.C. 1692e. "This includes any false representation of the character, amount, or legal status of a debt; any threat to take action that cannot be taken legally; and the use of any false representation or deceptive means to collect or attempt to collect a debt." *Id.,* citing 15 U.S.C. 1692e(2)(A), 1692e(5), and 1692e(10). Moreover, a debt collector is prohibited from using "'unfair or unconscionable means to collect or attempt to collect any debt.'" *Id.,* quoting 15 U.S.C. 1692f. This includes the "'collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.'" *Id.,* quoting 15 U.S.C. 1692f(1),

{¶ 18} Ballard and Turnaround assert that Ballard stipulated to owing U.S. Bank $106,158.58, and U.S. Bank wrongfully claimed that he owed $154,191.85. They further contend that the higher amount includes attorney fees and fees that were not expressly authorized by the parties' loan documents in violation of the FDCPA. Therefore, they argue that Ballard is entitled to a refund in the amount of $31,812.75.

{¶ 19} The charges at issue are the unpaid principal balance ($106,158.82), interest at 4% ($16,810.90), escrow/impound overdraft ($25,723.60), suspense balance (-$773.64), unpaid late charges ($193.02), and recoverable corporate advances ($6,079.15). Provision 24 of the mortgage states: "[T]his Security Instrument shall also secure the unpaid principal balance of, plus accrued interest on, any amount of money loaned, advanced, or paid by Lender to or for the account and benefit of Borrower." Further, "Lender may make such advances in order to pay any real estate taxes and assessments, insurance premiums plus all other costs and expenses incurred in connection with the operation, protection or preservation of the Property."

{¶ 20} Contrary to Ballard's and Turnaround's argument, there is no evidence that any of the amounts owed are intended to cover attorney fees or court costs, nor is there any reference to such fees in the documentation they present in support of their FDCPA claims. The other amounts appear to be charges and advances incurred during the course of maintaining the property during the foreclosure process, and Ballard and Turnaround did not present any evidence or argument, either in the trial court or in their appellate brief, to demonstrate that any of the charges were unlawful under the FDCPA or beyond the scope of the fees authorized in the loan documents. The trial court did not err when it granted summary judgment in favor of U.S. Bank and denied Ballard's and Turnaround's counterclaims.

{¶ 21} Ballard's and Turnaround's second and fourth assignments of error are overruled.

### III.   Conclusion

{¶ 22} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and HUFFMAN, J., concur.

8