[Cite as *Cable v. Cable*, 2023-Ohio-2041.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RACHEAL DIANE CABLE | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. CT2022-0080 |
| | : | |
| JASON JAMES CABLE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County Court of Common Pleas, Domestic Relations Division, Case No. DA2021-0266

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      June 20, 2023

APPEARANCES:

For Plaintiff-Appellee:

BRIAN W. BENBOW
265 Sunrise Center Drive.
Zanesville, OH 43701

For Defendant-Appellant:

JASON JAMES CABLE, PRO SE
1201 Colony Dr. #63
Zanesville, OH 43701

*Delaney, J.*

{¶1} Defendant-Appellant Jason James Cable appeals the October 20, 2022 Judgment Entry Divorce Decree issued by the Muskingum County Court of Common Pleas, Domestic Relations Division.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Defendant-Appellant Jason James Cable ("Husband") and Plaintiff- Appellee Racheal Diane Cable ("Wife") were married on September 20, 2011. One child was born prior to the marriage in June 2010, for whom Husband has admitted paternity, and another child was born in October 2012 as issue of the marriage.

{¶3} Wife filed a complaint for divorce on April 23, 2021 with the Muskingum County Court of Common Pleas, Domestic Relations Division. Husband filed an answer and counterclaims on June 18, 2021. After multiple motions for temporary orders, the trial court issued a judgment entry on September 29, 2021. The trial court named Wife as temporary custodian of the children and established a parenting schedule. It further entered temporary orders as to the division of marital debts and assets.

{¶4} Husband's trial counsel filed a motion to withdraw on April 1, 2022, which was granted by the trial court. New trial counsel for Husband filed a notice of appearance on April 18, 2022.

{¶5} Via judgment entry filed on May 31, 2022, the trial court stated a final hearing had been held on May 25, 2022. The judgment entry stated:

> The parties informed the Court they had reached agreement on all pending
>
> matters and read their agreement into the record. Attorney Brian Benbow

shall file with the Court a Decree of Divorce within twenty-one (21) days of the date of this Judgment Entry, executed by counsel of record.

(Judgment Entry, May 31, 2022). The parties did not file a transcript of the May 25, 2022 final hearing with this appeal.

{¶6} On July 7, 2022, the trial court issued a judgment entry stating that it had ordered the parties to submit an Agreed Settlement Entry within 21 days of May 31, 2022. The parties failed to submit the Agreed Settlement Entry setting forth the agreement. The trial court ordered the parties to appear before the court on August 3, 2022, unless they submitted the Agreed Settlement Entry prior to the hearing.

{¶7} Wife filed a Motion to Enforce Settlement on July 25, 2022. The motion stated, "Although opposing counsel stated a general objection some time thereafter, there has not been any specific communication regarding anything in this Consent Judgment Entry being inaccurate." (Motion to Enforce Settlement, July 25, 2022).

{¶8} On July 28, 2022, the trial court provided the parties with an electronic recording of the May 25, 2022 trial court proceedings.

{¶9} A show cause hearing was held on August 3, 2022. There is no transcript of the August 3, 2022 hearing in the appellate record. On August 8, 2022, the trial court ordered the parties to file the Agreed Settlement Entry by August 26, 2022. The parties did not file the Agreed Settlement Entry. The trial court issued a judgment entry on August 30, 2022, which ordered the parties to file the Agreed Settlement Entry or appear before the trial court on September 29, 2022.

{¶10} Wife filed a motion for extension asking for additional time to file the Agreed Settlement Entry. The motion stated Husband's counsel had suggestions for the settlement entry. The trial court granted an extension until September 8, 2022.

{¶11} On September 8, 2022, Wife filed a supplemental motion to enforce settlement. The motion alleged that Husband sought to renegotiate the terms of the settlement agreement, which the parties presented to the trial court on May 25, 2022.

{¶12} A show cause hearing was set for September 29, 2022. The trial court issued a judgment entry on September 12, 2022. The entry stated in part, "Counsel were each provided an audio recording of the final hearing wherein the parties recited their agreement on July 27, 2022, and a show cause hearing was held on August 3, 2022. Counsel was informed by the Court that the submitted entry contained provisions inconsistent with the record and were instructed to draft an appropriate entry utilizing the audio recordings provided." (Judgment Entry, Sept. 12, 2022). The parties failed to comply with the trial court's orders to file the Agreed Settlement Entry. The trial court therefore ordered:

The agreement read into the record and ratified by the parties has been approved by the Court as the final judgment in this matter. The record is clear, and both parties have been provided a copy of the audio recording of the hearing. A final judgment entry Decree of Divorce incorporating the terms read into the record shall be prepared and submitted to the Court in accordance with the Court's Local rules and shall be adopted by the Court so long as it is consistent with the record. Should no such agreement be submitted and approved prior to September 29, 2022, the parties and

counsel of record shall appear as previously ordered. Plaintiff's Motions to

Enforce Settlement shall be heard on that date.

(Judgment Entry, Sept. 12, 2022).

{¶13} Husband filed a response on September 16, 2022, stating that his version of the settlement negotiations with Wife and her counsel would be presented at the September 29, 2022 show cause hearing. Wife filed a reply on September 21, 2022.

{¶14} The show cause hearing went forward on September 29, 2022. There is no transcript of the hearing in the appellate record. The trial court issued its judgment entry on October 4, 2022. The judgment entry stated that Husband asserted an objection to the Agreed Settlement Entry prepared by Wife but failed to follow the trial court's local rule and file the objection in writing. "The parties' agreement was read into the record at final hearing and approved by the Court as the final decision in the matter. The Court finds it appropriate to enforce the terms of the parties' settlement agreement as read into the record." (Judgment Entry, Oct. 4, 2022). Wife was ordered to provide Husband with the proposed Consent Judgment Entry Decree of Divorce within one business day of the date of the judgment entry. Husband was ordered to file any written objections to the Consent Judgment Entry Decree of Divorce within seven days. If no objections were filed, the trial court stated it would adopt the Consent Judgment Entry Decree of Divorce as the final order of the court.

{¶15} Wife submitted the proposed Consent Judgment Entry Decree of Divorce to the trial court on October 6, 2022.

{¶16} Husband filed an objection to Wife's proposed Consent Judgment Entry Decree of Divorce on October 12, 2022. Husband stated his objection "arises from the

ambiguities contained in Paragraph 13(a) and (b). Plaintiff insisted upon an October 1, 2021, date for the termination of the marriage. Thus, it is ambiguous as to the obligor on any balance on the Pay Pal and Care credit cards. It is Mr. Cable's contention that these obligations are the Plaintiff's and the Paragraph 13 needs to be re-drafted to clear up that ambiguity." (Objection to Proposed Judgment Entry, Oct. 12, 2022).

{¶17} Husband filed a supplemental objection on October 13, 2022. The supplemental objection was based on "the ambiguities contained in Paragraph 20 and the provisions for the tax returns beginning on page 15. For tax year 2021 the parties were to file head of household with each taking the deduction for one (1) of the minor children. Plaintiff took both minor children. This, the tax year in Paragraph 20 should be 2021." (Supplemental Objection to Proposed Judgment Entry, Oct. 13, 2022).

{¶18} On October 20, 2022, the trial court filed the Judgment Entry Decree of Divorce.

{¶19} Husband filed a pro se appeal of the October 20, 2022 Judgment Entry Decree of Divorce.

**ASSIGNMENTS OF ERROR**

{¶20} Husband sets forth no Assignments of Error, as required by App.R. 16(A)(3). In the "Factual History" section of Husband's pro se appellant's brief, he sets forth the following issues with the Decree of Divorce:

I. In Paragraph 11 sections B and C were not put in the records in our final divorce hearing.

II. In Paragraph 13 Sections A, B, and C this is incorrect information and the Defendant did not agree to this deal.

III. Paragraph 15 Sections A, B, and C Retirement Accounts; the numbers are incorrect in this section.

IV. Paragraph 16 Section B Husband the Defendant did not receive most of his stuff as he was not allowed to enter his own house to retrieve his property.

V. Paragraph 22 and 23 on residential parents of the kids. The Defendant is appealing this because the children would like to live with the Defendant.

VI. Paragraph 33 thru 46 on using; the Our Family Wizard app.

{¶21} Although Husband has presented no Assignments of Errors for our review, in the interest of judicial economy we shall construe the above to be Assignments of Error for purposes of the disposition of this appeal.

## ANALYSIS

### I.

{¶22} In his first Assignment of Error, Husband contends Paragraph 11, Sections B and C, were not put in the records in the final divorce hearing. Paragraph 11 of the October 20, 2022 Judgment Entry Divorce Decree relates to the parties' vehicles. Section B awards the 2020 Jiangsu BD125-11 sports bike to Wife. Section C awards the 2019 Chrysler Pacifica 2wd Sport Van, purchased by Wife with separate funds after the marriage was terminated, to Wife. Wife was to hold Husband harmless for the debt on the van. Husband states in his appellate brief that the two vehicles were not listed on the marital balance sheet.

{¶23} Husband did not provide this Court with the transcript of the May 25, 2022 hearing where the settlement agreement was read into the record. Husband did not

provide the transcripts of any of the show cause hearings where the parties allegedly disputed the terms of the settlement agreement.

{¶24} When portions of the transcript necessary for resolution of an assigned error are omitted from the record on appeal, the reviewing court has nothing to pass upon and thus has no choice but to presume the regularity or validity of the lower court's proceedings and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385(1980). Accordingly, given the absence of an appropriate record to support Husband's alleged error regarding whether the two vehicles were listed in the settlement agreement presented to the trial court on May 25, 2022, we presume the regularity of the trial court proceedings in approving and adopting the settlement agreement.

{¶25} If such transcripts were unavailable, other options were available to Husband in order to supply this Court with a transcript for purposes of review. Specifically, under App.R. 9(C), Husband could have submitted a narrative transcript of the proceedings, subject to objections from appellee and approval from the trial court. Also, under App.R. 9(D), the parties could have submitted an agreed statement of the case in lieu of the record. The record in this matter indicates Husband did not attempt to avail himself of either App.R. 9(C) or 9(D). See *Carroll v. Huber*, 5th Dist. Stark No. 2022CA00073, 2022-Ohio-4712, 2022 WL 17959774, ¶ 30.

{¶26} We further note that on October 6, 2022, Wife submitted a final proposed judgment entry to the trial court. The final proposed judgment entry lists the two vehicles in Paragraph 11 and the proposed language in Sections B and C is identical to the October 20, 2022 Judgment Entry Divorce Decree. Husband filed objections to Wife's

final proposed judgment entry on October 12, 2022 and October 13, 2022, but did not raise any objection to Paragraph 11.

{¶27} Husband's first Assignment of Error is overruled.

**II.**

{¶28} In his second Assignment of Error, Husband contends that in Paragraph 13 Sections A, B, and C, the information is incorrect, and he did not agree to the terms.

{¶29} Husband filed objections to Wife's proposed Consent Judgment Entry Decree of Divorce. Husband stated his objection "arises from the ambiguities contained in Paragraph 13(a) and (b). Plaintiff insisted upon an October 1, 2021, date for the termination of the marriage. Thus, it is ambiguous as to the obligor on any balance on the Pay Pal and Care credit cards. It is Mr. Cable's contention that these obligations are the Plaintiff's and the Paragraph 13 needs to be re-drafted to clear up that ambiguity." (Objection to Proposed Judgment Entry, Oct. 12, 2022).

{¶30} The October 20, 2022 Judgment Entry Divorce Decree states as follows:

13) The following debts are in Plaintiff's name.

a) Pay Pal Credit Card. Defendant shall further pay and hold Plaintiff harmless from the PayPal Credit Card debt accrued after October 1, 2021, and until the decree is filed. Plaintiff shall further be ordered to pay and hold Defendant harmless from the PayPal Credit Card Debt accrued before October 1, 2021. This total debt is approximately $3,349.06 as of May 25, 2022.

b) Care Credit Card. Defendant shall further pay and hold Plaintiff harmless from the Care Credit Card Debt accrued after October 1, 2021 and until the

decree is filed. Plaintiff shall further be ordered to pay and hold Defendant harmless from the Care Credit Card Debt accrued before October 1, 2021. This total debt is approximately $1,887.00.

c) The parties shall exchange statements to reflect the balance owed as of October 1, 2021.

{¶31} "Where the parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract." *Jackson v. Jackson*, 5th Dist. Richland No. 12CA28, 2013-Ohio-3521, ¶ 22 quoting *Tyron v. Tyron*, 11th Dist. No.2007–T–0030, 2007–Ohio–6928, ¶ 23 citing *Walther v. Walther*, 102 Ohio App.3d 378, 383, 657 N.E.2d 332 (1st Dist.1995). "In the absence of fraud, duress, overreaching or undue influence, or of a factual dispute over the existence of terms in the agreement, the court may adopt the settlement as its judgment." *Walther* at 383, 657 N.E.2d 332. "The enforceability of an in-court settlement agreement depends upon whether the parties have manifested an intention to be bound by its terms and whether these intentions are sufficiently definite to be specifically enforced." *Tyron* quoting *Franchini v. Franchini*, 11th Dist. No.2002–G2467, 2003–Ohio–6233, ¶ 9, citing *Normandy Place Assoc. v. Beyer*, 2 Ohio St.3d 102, 105–106, 443 N.E.2d 161 (1982).

{¶32} Husband contends in his appellate brief that he did not agree to the terms of Paragraph 13 and therefore, the trial court erred in adopting the same. In this case, we do not have the transcript from the May 25, 2022 hearing where the settlement agreement was read into the record; nor do we have the transcripts from the show cause hearings held before the October 20, 2022 Judgment Entry Divorce Decree was filed. Without the underlying record, we cannot discern whether the trial court erred in approving and

adopting the settlement agreement because there was a factual dispute or Husband did not agree to the terms. Pursuant to *Knapp*, we must presume regularity of the trial court proceedings.

{¶33} Husband's second Assignment of Error is overruled.

### III.

{¶34} Husband contends in his third Assignment of Error that there is misinformation in Paragraph 15, Sections A, B, and C. Paragraph 15 concerns the parties' retirement accounts. The October 20, 2022 Judgment Entry Divorce Decree states:

Defendant has no retirement accounts.

a) Plaintiff's retirement account, acquired through marriage, is a marital asset worth $31,165.64.

b) Wife shall be solely responsible for the loan of $15,000 against the 401(K).

c) Each party shall be awarded ½ of Plaintiff's retirement account as of October 1, 2021, which account shall be divided by a Qualified Domestic Relations Order prepared for and filed at Defendant's sole cost. Defendant shall be awarded $15,582.00. Plaintiff shall be awarded the balance.

{¶35} Husband argues the numbers in Paragraph 15 are not correct. According to Husband, the audio recording of the May 25, 2022 hearing states that Wife owes Husband $15,986.00. However, Husband did not make the transcript of the May 25, 2022 hearing or the audio recording part of the appellate record. Accordingly, pursuant to *Knapp*, we must presume regularity of the proceeding and that the trial court did not err

in approving the settlement agreement and finding that it fairly, justly, and equitably divided the marital assets and allocated marital debt.

{¶36} Husband's third Assignment of Error is overruled.

**IV.**

{¶37} In Husband's fourth Assignment of Error, he argues the personal property he was awarded in the October 20, 2022 Judgment Entry Divorce Decree was damaged or he did not receive some property. He contends he should be awarded compensation for those items.

{¶38} Husband's assigned error relates to the parties' execution of the terms of the divorce decree. He does not raise an appealable error related to the trial court's findings in the October 20, 2022 Judgment Entry Divorce Decree. Husband's fourth Assignment of Error is therefore overruled.

**V.**

{¶39} Husband argues in his fifth Assignment of Error that the trial court erred when it named Wife as the residential parent and legal custodian of their minor children.

{¶40} The October 20, 2022 Judgment Entry Decree of Divorce states in pertinent part:

> Shortly before the commencement of trial, both parties executed a Settlement Agreement that was approved by this Court and stated on the Record. * * * Both parties further stipulated that the settlement agreement was in the best interest of their children. Both parties acknowledged the same in open Court and on the Record.
>
> * * *

This Court, upon independent review of the same, finds that the Settlement Agreement fairly, justly, and equitably divided marital assets and allocated marital debt. The Settlement Agreement was further in the best interest of the minor children. This Court hereby approves the same and incorporates the Settlement Agreement in its entirety as fully rewritten herein * * *

* * *

22) Plaintiff shall be named the residential parent and legal custodian of [the minor children].

{¶41} Husband contends on appeal that it was not in the best interest of the children that Wife be named the residential parent and legal custodian. In support of his appellate argument, he provides examples of incidents between Wife and the children to show it was not in their best interest to be placed with Wife. The record shows that in Husband's objection and supplemental objection to Wife's proposed Consent Judgment Entry Decree of Divorce, Husband did not raise any objections as to custody of the children. Further, we do not have the transcripts of the May 25, 2022 hearing or subsequent show cause hearings to demonstrate Husband raised the issue of the custody of the children to the trial court. Husband is asserting new evidence for the first time on appeal, which is evidence outside the trial court record and therefore cannot be considered herein. *Cleveland v. Alexander*, 8th Dist. Cuyahoga No. 101068, 2014-Ohio-5282, ¶ 21 citing *State v. Hartman*, 93 Ohio St.3d 274, 299, 2001–Ohio–1580, 754 N.E.2d 1150; *State v. Carter*, 89 Ohio St.3d 593, 606, 2000–Ohio–172, 734 N.E.2d 345. Pursuant to *Knapp*, we must presume regularity of the trial court proceedings in approving and adopting the settlement agreement where the parties agreed, and the trial court

independently confirmed, that it was in the best interest of the children that they be placed with Wife.

{¶42} Husband's fifth Assignment of Error is overruled.

**VI.**

{¶43} In Father's sixth Assignment of Error, he objects to the trial court's Judgment Entry Divorce Decree requiring Wife and Husband utilize the Our Family Wizard for communication until the youngest child is eighteen years old.

{¶44} Wife's proposed Consent Judgment Entry Decree of Divorce contained the terms requiring the parties to use the Our Family Wizard for communication. In Husband's objection and supplemental objection to Wife's proposed Consent Judgment Entry Decree of Divorce, Husband did not raise the issue of the Our Family Wizard. Without the benefit of the May 25, 2022 hearing where the parties expressed that the settlement agreement was in the best interests of the children, we must presume regularity of the trial court to find the Our Family Wizard was in the best interest of the children. *Knapp, supra*.

{¶45} Husband's sixth Assignment of Error is overruled.

## CONCLUSION

{¶46} The judgment of the Muskingum County Court of Common Pleas, Domestic

Relations Division, is affirmed.

By: Delaney, J.,

Gwin, P.J. and

King, J., concur.