[Cite as *Thompson v. Dennis*, 2023-Ohio-3946.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THERESA L. THOMPSON, ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiffs-Appellees | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. 23AP0002 |
| | : | |
| TODD DENNIS, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Morgan County Court
                                  of Common Pleas, Case No. 21CV0129



JUDGMENT:                         AFFIRMED



DATE OF JUDGMENT ENTRY:           October 30, 2023



APPEARANCES:


For Plaintiffs-Appellees:                    For Defendants-Appellants:

RYAN H. LINN                                 W. JEFFREY MOORE
17 N. Fourth St.                             33 S. Grant Ave.
P.O. Box 430                                 Columbus, OH 45662
Zanesville, OH 43702-1030

*Delaney, J.*

{¶1} Defendants-Appellants Todd Dennis and Sarissa Dennis appeal the February 7, 2023 judgment entry of the Morgan County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

### Lot 16

{¶2} Plaintiffs-Appellees Theresa L. Thompson and Daniel L. Thompson are the owners of real property situated in Morgan County, Ohio. The property identified as "Lot 16 of Handwood Shores SD No. 1" is located in what is best described as a campground close to the Muskingum River. Appellees acquired Lot 16 by virtue of a Survivorship Deed dated October 5, 2019. The Survivorship Deed to Lot 16 includes the following language:

> Together with all appurtenant rights relating to any of the parcels, including in particular such appurtenant rights for a right of way to use and enjoy in common with other persons with similar rights, Lot 19 in Handwood Shores SD 1 for the purpose of access between the premises described and the Muskingum River and for the pleasure, recreation, and amusement of the grantees and all other persons to whom said rights have been similarly granted.

The language appears in the Appellees' chain of title since 1977. Marcus Hanson and Betty Hanson originally granted the easement to Roy L. Justice in an August 23, 1965 instrument. The language of the easement states in pertinent part: "the grantors * * * do hereby give and grant unto said grantee * * *, a perpetual right to use and enjoy in common with other persons to whom the said grantors, their heirs and assigns, may grant similar rights, Lot Nineteen (19) in Hanwood Shores Subdivision No. 1, for the purpose of access

between the 0.14 acre lot referred to above and the Muskingum River and for the pleasure, recreation and amusement of the grantee and of all other owners of lands in the vicinity to whom said rights may be subsequently granted by these grantors."

**Lot 19**

{¶3} Defendants-Appellants Todd Dennis and Sarissa Dennis are the current owners of Lot 18 and Lot 19 situated in the same campground as Lot 16. Appellants came into possession of Lot 18 and Lot 19 in the following manner: Gregory Hanson acquired Lot 19 from Betty Hanson by virtue of a Quit Claim Deed; On February 3, 2012, Gregory D. Hanson and Karen Louise Hanson conveyed Lot 18 and Lot 19 to Gregory D. Hanson, Trustee of the Gregory D. Hanson Living Trust dated 2/3/2012 and Karen Louise Hanson, Trustee of the Karen Louise Hanson Living Trust dated 2/3/2012 by Warranty Deed; On June 12, 2013, Randy Dennis and Carolyn Dennis acquired Lot 18 and Lot 19 from Gregory Hanson, Trustee and Karen Louise Hanson, Trustee by Warranty Deed; On December 26, 2017, Randy Dennis and Carolyn Dennis transferred Lots 18 and 19 to Appellants.

{¶4} The June 12, 2013 General Warranty Deed included the following in the legal description, "Said Lot. No. 19 is subject to the rights of third parties to use said lot for the purposes of access to the Muskingum River and for the pleasure, recreational and amusement of said third parties to whom said rights have been granted or may hereafter be granted." The December 26, 2017 General Warranty Deed conveyed Lot 18 and Lot 19 subject to all valid easements of record.

**Complaint for Declaratory Judgment, Quiet Title, and Injunctive Relief**

{¶5} On August 16, 2021, Appellees filed a complaint for declaratory judgment, quiet title, and injunctive relief in the Morgan County Court of Common Pleas, naming Appellants as defendants. In the complaint, Appellees alleged that while they possessed an easement for the use of Lot 19, Appellants restricted their use of Lot 19. Appellees stated that in violation of the subdivision restrictions and Appellees' use of the premises, Appellants placed a mobile home on Lot 19, used chains to restrict third-party use and enjoyment of Lot 19, and posted threatening signage to prevent trespassing on Lot 19. Appellants requested the trial court order Appellants to remove the chains, signage, and mobile home from Lot 19 and enjoin Appellants from employing any other means to restrict Appellees from using Lot 19 to access the Muskingum River or for their pleasure, recreation, or amusement.

{¶6} Appellants filed a pro se answer on September 20, 2021. A visiting judge was assigned to the matter. On April 29, 2022, trial counsel filed a notice of appearance for Appellants.

{¶7} The trial court issued a pretrial order on July 7, 2022. The trial court set the matter for a bench trial in November 2022. Initial discovery was to be completed by September 14, 2022. The parties were ordered to file their dispositive motions on or before October 14, 2022.

{¶8} Appellees filed their motion for summary judgment on October 13, 2022. Appellees argued they were entitled to summary judgment on all claims raised in their complaint.

{¶9}    On October 26, 2022, Appellants filed a motion for extension of time to file a response to the motion for summary judgment. They requested a 30-day extension to file their response in order to complete discovery and review the deeds and transfers. On November 3, 2022, co-counsel for Appellants' trial counsel filed a notice of appearance. On that same day, Appellants filed a "Parties Agreement of Extension of Time to Respond." The motion stated that on October 25, 2022, Appellants filed a motion for a 30-day extension to respond to Appellees' motion for summary judgment. The motion further stated, "Counsel for the Plaintiffs graciously agreed to the 30-day extension of time to respond to the motion for summary judgment. In addition, it appears that parties may be able to resolve this matter during that 30 day period of time. With the Courts' consent the Defendants respectfully request that they be allowed a 30-day extension to respond to the Plaintiff's motion for summary judgment." Appellants' response to the motion for summary judgment was then due on November 25, 2022, 30 days from October 26, 2022.

{¶10} On November 9, 2022, the trial court granted the parties' joint motion to continue the bench trial to January 23, 2023.

{¶11} On January 17, 2023, the trial court issued a judgment entry granting Appellees' motion for summary judgment.

**Motion for Relief from Judgment**

{¶12} On January 20, 2023, Appellants filed a motion for relief from the January 17, 2023 judgment. In their motion, they argued they were entitled to relief because when Appellees filed their motion for summary judgment, the parties were engaged in settlement negotiations. Appellees were under the impression that the matter would be postponed in order to discern further facts. Appellants further argued they had a

meritorious defense to Appellees' claims. Appellants alleged that the original deed issued on August 15, 1962 transferred the property at issue from Marcus Hanson and Betty Hanson to Charles McCarty and Idell McCarty. The language of the 1962 deed allegedly stated, "Said premises shall be used for residential purposes only and not for business of any kind. * * * Said conditions and restrictions listed above shall run with the land conveyed and shall be binding upon the grantees, their heirs, executors, administrators, and assigns for the period of fifty years from the 1st day of July, 1962." Appellants did not attach a copy of the 1962 deed to their motion for relief from judgment. Appellants conceded that while Appellees had an easement across Lot 19, Appellees did not have a covenant to use Lot 19 as a whole for the use, enjoyment, or recreational purposes.

{¶13} Appellees responded to the motion for relief from judgment and disputed that Appellants met the Civ.R. 60(B) standards. First, Appellants argued that Appellees failed to establish any of the Civ.R. 60(B)(1) through (5) elements. Appellants requested the trial court grant them a 30-day extension to respond to the motion for summary judgment but then took no further action. Second, Appellants could not present a meritorious defense to Appellees' claims as Appellants did not dispute that Appellees possessed an easement over Lot 19.

{¶14} Appellants filed a reply to the motion for relief from judgment. In their reply, Appellants cited Civ.R. 60(B)(5) as the basis for their motion for relief from judgment. They contended the extraordinary circumstances of the 1962 deed compared to the 1965 deed demonstrated they were entitled to relief from judgment. In the 1962 deed, a copy of which was not attached to the motion for relief from judgment, Marcus and Betty Hanson granted Lot 19 to Charles McCarty and Idell McCarty. In 1965, Marcus and Betty

Hanson granted Lot 19 to Roy L. Justice. Appellants contended there was no documentation explaining how the Hansons granted Lot 19 in 1962 *and* 1965, thereby calling the validity of the 1965 deed into question. Appellants further contended that the parties entered into settlement negotiations on October 12, 2022, and Appellees acted in bad faith when they filed their motion for summary judgment.

{¶15} On February 7, 2023, the trial court denied Appellants' motion for relief from judgment. It is from this judgment that Appellants now appeal.

### ASSIGNMENT OF ERROR

{¶16} Appellants raise one Assignment of Error:

THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION
FOR SUMMARY JUDGMENT AND DENIED APPELLANT'S MOTION FOR
RELIEF FROM JUDGMENT.

### ANALYSIS

{¶17} In their sole Assignment of Error, Appellants raise two issues: (1) the trial court erred when it granted Appellees' motion for summary judgment, and (2) the trial court erred when it denied Appellants' motion for relief from that judgment. We first consider the trial court's denial of Appellants' motion for relief from judgment.

### Motion for Relief from Judgment

{¶18} Civ.R. 60(B) states as follows:

On motion and upon such terms as are just, the court may relieve a party *

* * from a final judgment, order or proceeding for the following reasons: (1)

mistake, inadvertence, surprise or excusable neglect; (2) newly discovered

evidence which by due diligence could not have been discovered in time to

move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶19} In *GTE Automatic Electric Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶20} The *GTE* factors are "independent and in the conjunctive, not the disjunctive." *DeChellis v. Estate of DeChellis*, 5th Dist. Stark No. 2020CA00025, 2020-Ohio-5111, 2020 WL 6375476, ¶ 16 quoting *Blaney v. Kerrigan*, 5th Dist. Fairfield No. 12-

CA-86, 1986 WL 8646, *2 (Aug. 4, 1986) quoting *GTE Automatic Elec., Inc., supra* at 150-151. "Failing to meet one is fatal, for all three must be satisfied in order to gain relief * * *." *Id.*

{¶21} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). To find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶22} In their appellate brief, Appellants characterize the trial court's January 17, 2023 judgment entry as a "default judgment" in favor of Appellees. (Appellants' Brief, p. 11, 14). Appellants argue because they were not permitted to file a response to Appellees' summary judgment motion on all claims in their complaint, the trial court granted "default judgment" in favor of Appellees. Appellants misstate the procedural history of this case, which affects application of the Ohio Rules of Civil Procedure. The record in this case shows that Appellants filed their answer to the complaint on September 20, 2022. On October 13, 2022, Appellees moved for summary judgment on their claims pursuant to Civ.R. 56 – they did not request default judgment pursuant to Civ.R. 55. Appellants did not file a response to the motion for summary judgment. In its January 17, 2023 judgment entry granting Appellants' motion for summary judgment, the trial court considered the motion pursuant to Civ.R. 56. The trial court did not grant default judgment under Civ.R. 55. While the appellate standard of review for a motion for relief from judgment is the same if the trial court's final judgment is rendered pursuant to Civ.R. 55 or Civ.R. 56, we

correct Appellants' representation of the trial court's final judgment as a "default judgment" because it is important to accurately reflect the record for appellate review.

## II. Civ.R. 60(B)(5)

{¶23} In their original motion for relief from judgment filed on January 20, 2023, Appellants initially listed all the Civ.R. 60(B) grounds as reasons why they were entitled to relief from judgment. Later in the motion, however, Appellants argued they were entitled to relief pursuant to Civ.R. 60(B)(1) -- mistake, inadvertence, surprise, or excusable neglect. In their February 2, 2023 reply to the motion for relief from judgment, Appellants argued they were entitled to relief pursuant to Civ.R. 60(B)(5). Appellants contend in their appellate brief that they are entitled to relief from judgment under Civ.R. 60(B)(5). Accordingly, we consider Appellants' arguments pursuant to Civ.R. 60(B)(5). *See* App.R. 16.

{¶24} Civ.R. 60(B)(5) allows the trial court to relieve a party from a final judgment for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) operates as a catch-all provision and "reflects 'the inherent power of a court to relieve a person from the unjust operation of a judgment.'" *Maggiore v. Barensfeld*, 5th Dist. Stark No. 2011CA00180, 2012-Ohio-2909, 2012 WL 2415184, ¶ 35 citing *Dutton v. Potroos*, 5th Dist. Stark No. 2010CA00318, 2011-Ohio-3646, 2011 WL 3057612, at ¶ 49. It is reserved for "extraordinary and unusual case[s]," *Myers v. Myers*, 9th Dist. Summit No. 22393, 2005-Ohio-3800, 2005 WL 1763608, at ¶ 14, and "is not a substitute for the enumerated grounds for relief from judgment [.]" *Id.* It applies only where a more specific provision of Civ.R. 60(B) does not apply. *Ogline v. Sam's Drug Mart, L.L.C.*, 5th Dist. Stark No. 2013

CA 00154, 2014-Ohio-2355, 2014 WL 2547765, ¶ 38 citing *Strack v. Pelton*, 70 Ohio St.3d 172, 637 N.E.2d 914 (1994).

{¶25} Appellants state they did not file a response to the motion for summary judgment because they entered into settlement negotiations with Appellees on October 12, 2022. Both parties appeared to agree there was an easement over Lot 19; however, they disagreed as to the breadth and boundaries of the easement. Appellants argue that the parties agreed to "not go forward" on the motion for summary judgment until the Appellants could ascertain certain information about the property, titles, and easements on the property.

{¶26} The trial court ordered that dispositive motions were due on or before October 14, 2022. Appellees filed their motion for summary judgment on October 13, 2022, in accordance with the trial court's pretrial orders. On October 26, 2022, Appellants filed a motion for a 30-day extension to file their response in order to complete discovery and review the deeds and transfers. On November 3, 2022, Appellants filed a "Parties Agreement of Extension of Time to Respond." The motion stated that on October 25, 2022, Appellants filed a motion for a 30-day extension to respond to Appellees' motion for summary judgment. The motion further stated, "Counsel for the Plaintiffs graciously agreed to the 30-day extension of time to respond to the motion for summary judgment. In addition, it appears that parties may be able to resolve this matter during that 30 day period of time. With the Courts' consent the Defendants respectfully request that they be allowed a 30-day extension to respond to the Plaintiff's motion for summary judgment."

{¶27} Pursuant to the requests for extensions of time, Appellants' response to the motion for summary judgment would have been due on or about November 25, 2022.

Appellants did not file their response to the motion for summary judgment in November 2022. Appellants did not request the trial court for additional time to respond to the pending motion for summary judgment. Appellants did not file a Civ.R. 56(F) continuance to permit further discovery. The record shows that Appellants made no effort to notify the trial court of the status of the case until January 20, 2023, three days after the trial court ruled on the pending motion for summary judgment.

{¶28} Appellants contend it was improper for the trial court to grant the motion for summary judgment because they had arguments to present. We have held that a court cannot remedy a problem of which it is unaware. *J.N. v. L.A.*, 5th Dist. No. 21-COA-014, 2022-Ohio-974, 186 N.E.3d 350, 2022 WL 884874, ¶ 29. After the November 2022 extension had passed, Appellants failed to request additional time from the court or otherwise respond to the pending motion for summary judgment. Appellants have not argued their failure to respond was because they were victims of gross neglect or abandoned by their trial counsel. *See WM Specialty Mtge. v. Mack*, 5th Dist. Licking No. 2008 CA 00125, 2009-Ohio-2590, 2009 WL 1564777, ¶ 30 citing *Whitt v. Bennett*, 82 Ohio App.3d 792, 613 N.E.2d 667 (2nd Dist.1992). Under these circumstances, Appellants' failure to act does not rise to the level of extraordinary circumstances requiring relief from judgment under Civ.R. 60(B)(5). We find no abuse of discretion for the trial court to deny Appellants' motion for relief from judgment.

### III. Meritorious Defense

{¶29} We determined the trial court did not abuse its discretion when it found Appellants were not entitled to relief pursuant to Civ.R. 60(B)(5). A failure to establish any one of the three *GTE* requirements will cause the motion for relief from judgment to be

overruled. *Van Wert v. Akron Metro. Regional Transit Auth.*, 5th Dist. Stark No. 2016CA00052, 2016-Ohio-8072, 2016 WL 7159144, ¶ 31 citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). Accordingly, it is unnecessary for this Court to determine whether the trial court abused its discretion as to the element of meritorious defense. *Brooks v. RKUK, Inc.*, 5th Dist. Stark No. 2021CA00048, 2022-Ohio-266, 2022 WL 279013, ¶ 49.

### IV. Summary Judgment

{¶30} Appellants also contend in their sole Assignment of Error that the trial court erred when it granted summary judgment in favor of Appellees. We disagree.

{¶31} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶32} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

{¶33} It is well established that the party seeking summary judgment bears the burden of demonstrating no issues of material fact exist for trial. *Celotex Corp. v. Catrett*,

477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt*, 75 Ohio St.3d 280 at 293, 662 N.E.2d 264 (1996): "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 309 N.E.2d 924 (1974).

{¶34} Appellants did not respond to Appellees' motion for summary judgment. Summary judgment may be appropriate when the nonmoving party does not produce evidence on any issue for which that party bears the burden of production at trial. *Chester/12 Ltd. v. Epiq Construction Services, Inc.*, 8th Dist. Cuyahoga No. 111626, 2023-Ohio-1886, ¶ 21 citing *Abram v. Greater Cleveland Regional Transit Auth.*, 8th Dist.

Cuyahoga No. 80127, 2002-Ohio-2622, ¶ 43. Nevertheless, even when a summary judgment motion is unopposed, the motion and supporting evidence must show that no material fact in the case is in dispute before the court can grant the motion. *Id.* citing *Charles Gruenspan Co. v. Thompson*, 8th Dist. Cuyahoga No. 80748, 2003-Ohio-3641, ¶ 12.

{¶35} In their motion for relief from judgment and in their appellate brief, Appellants concede there is an easement over Lot 19. (Appellants' Brief, p. 9). Confusingly, Appellants also seem to argue in their motion for relief from judgment and in their appellate brief that there is a 1962 deed that renders the easement in the 1965 deed invalid. (Appellants' Brief, p. 8). Appellants never presented a copy of the 1962 deed to the trial court but did present the 1962 deed as an attachment to its appellate brief. Appellants are asserting new evidence for the first time on appeal, which is evidence outside the trial court record and therefore cannot be considered herein. *Cable v. Cable*, 5th Dist. Muskingum No. CT2022-0080, 2023-Ohio-2041, ¶ 41 citing *Cleveland v. Alexander*, 8th Dist. Cuyahoga No. 101068, 2014-Ohio-5282, ¶ 21 citing *State v. Hartman*, 93 Ohio St.3d 274, 299, 2001-Ohio-1580, 754 N.E.2d 1150; *State v. Carter*, 89 Ohio St.3d 593, 606, 2000-Ohio-172, 734 N.E.2d 345.

{¶36} In its motion for summary judgment, Appellees presented Civ.R. 56 evidence of the easement language:

> Together with all appurtenant rights relating to any of the parcels, including
>
> in particular such appurtenant rights for a right of way to use and enjoy in
>
> common with other persons with similar rights, Lot 19 in Handwood Shores
>
> SD 1 for the purpose of access between the premises described and the

Muskingum River and for the pleasure, recreation, and amusement of the grantees and all other persons to whom said rights have been similarly granted.

Appellees argued in their complaint that while they possessed an easement over Lot 19, Appellants had placed a mobile home on Lot 19, had restricted access to Lot 19 through the use of chains, and had placed threatening signage around Lot 19. Appellees raised two causes of action in their complaint, declaratory judgment/quiet title and injunctive relief, to gain access to Lot 19 through enforcement of the easement language. Appellees' motion for summary judgment provided the trial court with certified copies of the easement and the deeds in question, supporting the existence and language of the easement over Lot 19. Based on Appellees' causes of action and the Civ.R. 56 evidence, the trial court found there was no genuine issue of material fact that there was an easement appurtenant that ran with the land appearing in the parties' chains of title. The trial court enjoined Appellants from denying or restricting Appellees' use and enjoyment of the Lot 19 easement as it appeared in the parties' deeds and chains of title.

{¶37} Appellants argue the trial court's judgment entries were summary in format, rendering them impermissibly vague. A trial court need not discuss the evidence and law in its summary judgment ruling. "'The trial court need not enunciate any definite statement concerning the court's rationale for granting a motion for summary judgment. In fact, the trial court need not issue anything more than a clear and concise pronouncement of the judgment in its ruling on a motion for summary judgment.'" *Chester/12 Ltd. v. Epiq Construction Services, Inc.*, 8th Dist. Cuyahoga No. 111626, 2023-Ohio-1886, ¶ 26 quoting *Phillips v. Acacia on the Green Condo. Assn.*, 8th Dist. Cuyahoga No. 110636,

2021-Ohio-4521, ¶ 33, quoting *Schaffer v. First Merit Bank, N.A.*, 186 Ohio App.3d 173, 2009-Ohio-6146, 927 N.E.2d 15, ¶ 11 (9th Dist.). We find the trial court's judgment granting summary judgment in favor of Appellants to be a clear and concise pronouncement that there was no genuine issue of material fact that Appellees were entitled to judgment as a matter of law as to the easement over Lot 19. Upon our de novo review of this record, we agree with the trial court's determination.

{¶38} Appellants' sole Assignment of Error is overruled.

## CONCLUSION

{¶39} The judgment of the Morgan County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

King, J., concur.